DEMING *against* BULL and others.

10 409<br>68 525

The charter of incorporation of a manufacturing company, after granting the usual powers of such a corporation, contained a provision in these words : " That for all debts, which may, at any time, be due from said company, the stockholders thereof shall be responsible in their private capacity, provided said corporation shall become insolvent, or the property and estate of said corporation cannot be found, and not otherwise." The corporation became insolvent and none of its estate could be found. In an action on a promissory note of the corporation against those who were stockholders both when the note was given and when the suit was commenced, it was held, that the defendants were jointly liable, and the action was sustained.

THIS was an action on a promissory note of the *Hartford Brewing Company*, made by *Lorenzo Bull*, their authorized agent, dated *February* 18th, 1832, payable to the plaintiff on demand.

In *May*, 1821, *George Goodwin* and others were incorpo-

HARVARD LAW LIBRARY

*Hartford,*
*June, 1835.*

Deming
*v.*
Bull.

rated, by the name of the *Hartford Brewing Company*, for the purpose of making porter, ale and other malt liquors, with the powers usually granted to similar corporations. The capital stock, which was limited to 100,000 dollars, was to be divided into shares of 100 dollars each ; the stock, property and affairs of the corporation were to be managed by a board of directors, to be chosen annually by the stockholders, each share entitling the owner thereof to one vote ; the directors were authorized to declare dividends of profits on each share, &c. At the close of the charter was the following provision : " That for debts which may, at any time, be due from said company, the stockholders thereof shall be responsible in their private capacity, provided said corporation shall become insolvent, or the property and estate of said corporation cannot be found, and not otherwise." The corporation went into operation soon after the charter was granted, and continued in operation until some time after the 18th of *February,* 1832 ; when *Lorenzo Bull,* being the agent of the company, fully authorized to make contracts and give notes in their behalf, made and delivered the note mentioned in the declaration, in consideration of an indebtedness to that amount from the company to the plaintiff. Payment of this note was demanded, before the commencement of the suit ; and it has not been paid. The corporation became insolvent before the commencement of the suit, and so continues to be ; and no property or estate of the corporation can be found. At the time the note was given, and from that time to the commencement of the suit and afterwards, the following persons were stockholders, and owned the shares set to their names respectively, *viz. Lorenzo Bull,* 62 shares ; *Christopher Colt,* 52 ; *Edward Watkinson,* 63 ; *Peter Fort,* 20 ; *Elisha Colt,* 12 ; *Thomas Day,* 10 ; *Samuel Whittlesey,* 7. Of these, *Peter Fort* and *Samuel Whittlesey,* residents of another State, and *Lorenzo Bull,* a resident of this State, were, before the commencement of the suit, and still are, insolvent. In addition to the stockholders above named, *Caleb Goodwin,* late of *Hartford,* deceased, was, at the time of his death, in *May,* 1830, a stockholder of the company, owning six shares, which now stand in his name upon the company books.

A case embracing these facts, was agreed to by the parties,

and reserved, by the judge, for the advice of this court as to the judgment to be rendered in the suit.

*F. Parsons* and *T. C. Perkins,* for the plaintiff, contended, That the corporation having become insolvent and there being no estate to be found, the defendants were liable to the same extent and in the same manner as though they had not been incorporated. The legislature intended to give this association the full benefits of a body politic, not only as among themselves but as against others, so long as they were in a condition to fulfil their engagements ; but they did not intend to make the incorporation a barrier to creditors against the collection of their debts. In the event referred to, the stockholders were to be responsible *in their private capacity.* The term *"private* capacity" is here used, evidently, in contradistinction to *corporate* capacity—*i. e.* the stockholders are to be responsible as though they had not been incorporated—as though they were still private persons, instead of being corporators. If two or more private persons unite in making a contract, they are liable on it as *joint contractors.* Such is, manifestly, the condition of the defendants.

If it be said, that as the contract, in this case, was made with the corporation, and not with the defendants, they cannot be considered as *contractors* of any sort, but are rather to be deemed sureties or guarantors of the corporation; this may be admitted, without injury to the plaintiff's claim. Two or more persons acting together as sureties or guarantors, are liable *jointly.*

The position taken is supported, also, by authority. In *Southmayd* & al. v. *Russ* & al. 3 *Conn. Rep.* 52. the charter of incorporation contained a clause similar to that in the present case, except that the liability of the stockholders was not dependent on the insolvency of the corporation. The court held, that they were liable in the same manner as though there had been no incorporation. *Hosmer,* Ch. J., says : " The legislature intended to invest the company with corporate powers, and so to limit them that the responsibility of the members for the company debts should not be impaired : in other words, the incorporation was not to have any effect on the subject of individual indebtedness." Again : " They [the stockholders] are answerable precisely as if there had been no incorporation."—

HARVARD LAW LIBRARY

*Hartford,*
*June, 1835.*

*Deming*
*v.*
*Bull.*

" While the members of the company enjoy all the privileges of a corporation, their creditors possess the rights and are entitled to the remedies, which are furnished, by established law, against an ordinary copartnership."   Partners are liable *jointly*.

*The Middletown Bank* v. *Russ* & al. 3 *Conn. Rep.* 135. —a case arising under the same act of incorporation as the preceding—was a bill in chancery for a discovery and relief. The objection there was, not that the defendants were not jointly liable at law, but that the plaintiffs had come to the wrong forum ; and on that ground the bill was dismissed.   But if the ground taken by the defendants in this case, is tenable, the case would have been eminently proper for a court of chancery. The remedy there would have been complete.

In *Allen* v. *Sewall* & al. 2 *Wend.* 327. there was a clause in the charter of incorporation, declaring, that "the members of the company should be liable individually, in the same manner as carriers at common law, for the transportation of goods," &c., and it was held, that the members were responsible to the same extent and in the same manner as if there had been no act of incorporation.   This principle was afterwards recognized, by the court of errors, though the judgment of the supreme court was reversed on a distinct ground, *viz.* that the case was not within that clause of the charter. *Sewall* & al. v. *Allen,* in err. 6 *Wend.* 335. 347. 348. 357.

*The Middletown Bank* v. *Magill* & al. 5 *Conn. Rep.* 28. turned on the construction of the same charter as the cases already cited from 3 *Conn. Rep.   Hosmer,* Ch. J. and *Brainard,* J. were of opinion, that "the members were subject to the same liabilities they would have been, had they associated for the purpose of manufacture, without a charter."   The three other Judges, (*Chapman, Peters* and *Bristol,*) without directly meeting this question, determined the case against the plaintiffs, on the sole ground that the defendants were not members of the company when the suit was commenced.   But in the present case, the defendants were members of the company both when the debt was contracted and when the suit was brought.

*Hungerford* and *W. W. Ellsworth,* for the defendants, contended, That they were not liable jointly, but each in proportion to the amount of stock held by him, and consequently,

this action cannot be sustained.   In order to make the defendants jointly liable, there must be a joint contract, express or implied, or they must must be subjected, by the provisions of their charter.   There is, clearly, no express joint contract. They did not give the note in suit; nor have they made any contract whatever with the plaintiff.   There is, and can be, no joint implied contract, for several reasons.   In the first place, if there be any implied contract, it must be on the part of the individuals to abide by the charter; and this, if at all, is implied on the person's becoming owner of the stock.   Secondly, supposing one to come in after another, the contract could not possibly be joint.   Thirdly, the consideration for the promise of one is entirely distinct from the consideration for the promise of the other; the stock of one not being the stock of the other, but as distinct as two pieces of land owned by different proprietors.

*Hartford,*
June, 1835.

Deming
*v.*
Bull.

   The charter does not expressly make the defendants liable jointly.   If it makes them so liable at all, it is by implication or construction.   Now, the same difficulties and absurdities result from a constructive joint liability as from an implied joint contract.   It is inconsistent with the character of the defendants as corporators.   The powers and duties given them, by the charter, bear no resemblance to those of joint contractors.   Nor have they the rights and powers of partners.   They have no common origin; they have different modes of existence; they differ in their duration and mode of dissolution; the mode of transfer and the effect of it are different; no member can bind the rest, nor contract at all; no one can dissolve the company, nor prevent the change of members.   Why, then, should they be treated as partners?   Is not that construction, which subjects them as joint contractors or as partners, at variance with the general provisions and spirit of the charter?   On the contrary, a construction which subjects the stockholders in proportion to their respective interests, harmonizes with every part of the charter.   The measure of each one's interest and right to dividends, is also the measure of his responsibility.   A plain and equitable rule is furnished.   Insufferable hardship and inconvenience are thus avoided.   The owner of a single share cannot be subjected to the whole of the debts; and there is no occasion for a resort to the questionable right of compelling contribution.   See *Ripley* v. *Sampson,* **10** *Pick.* **371.**

HARVARD LAW LIBRARY

*Hartford,*
*June, 1835.*

*Deming*
*v.*
*Bull.*

But the question is not dependent entirely upon general reasoning. The principle on which the defence in this case rests, was established in *The Middletown Bank* v. *Magill &* al. 5 *Conn. Rep.* 28. In that case, all the defendants were members of the corporation at the time the debt was contracted; and yet it was held, that those who had transferred their stock before the suit was commenced, were not liable. This decision necessarily excludes the idea that the stockholders were jointly liable when the debt was contracted; for if they had been, they could not have exonerated themselves from such liability, by their own act. Since the decision referred to, which was in 1823, the General Assembly has introduced into the charters of manufacturing companies a clause expressly making the stockholders liable jointly or as partners, under the impression, manifestly, that the former charters, which contained no such words, would not thus subject them. The legislatures of *New-York* and *Massachusetts* have introduced expressions of equivalent import into charters granted by them; and hence the cases which have arisen in those states, have no bearing upon this case. In *Massachusetts,* a judgment against the corporation is a judgment against its members; and the execution may be levied upon their private property.

CHURCH, J. It is conceded, in this case, that the defendants were stockholders in the *Hartford Brewing Company,* as well when the plaintiff's debt was contracted, as when this action was commenced; a fact essentially distinguishing the present from the case of *The Middletown Bank* v. *Magill & al.* 5 *Conn. Rep.* 28. A review of the principal doctrine of that case, therefore, is not called for. The defendants acknowledge a liability, but they deny it to be a joint one, which can be enforced at law; and claim, that they are responsible only *pro rata,* each one in proportion to the amount of stock by him owned in the funds of the company.

That clause in the charter of the *Hartford Brewing Company,* under which the question suggested in this case arises, is thus : " Resolved further, that for all debts which may at any time be due from said company, the stockholders thereof shall be liable in their *private capacity ;* provided said corporation shall become insolvent, or the property or estate of said corporation cannot be found, and not otherwise." Without this pro-

vision, the defendants, as individuals, would not have been liable at all for the debts of the company ; the responsibility would have remained alone upon the corporation, and its creditors could have looked no where for payment but to the corporate funds.    This security was insufficient; and the General Assembly, by the above recited provision in the charter, intended to supply an additional one ; which was, as soon as the contingency happened, that would render the stockholders, in their *capacity as corporators*, irresponsible, to subject them, in their *private capacity :* to take away the shield interposed, by the act of incorporation, and to leave them liable for their debts as if no charter had been granted.    This contingency has happened ; the corporation is insolvent ; and the purpose of the legislature being manifest, no peculiarity of construction should be adopted, which will, in any degree, embarrass such purpose. *Southmayd* v. *Russ* & al. 3 *Conn. Rep.* 52. *Allen* v. *Sewall* & al. 2 *Wend.* 327. S. C. in error, 6 *Wend.* 335.

The charter subjects the stockholders in their individual capacities, in this case, as distinguished from their original liability in their corporate capacities.    With such a stipulation in their charter, the defendants accepted it, and thereupon assumed and agreed to abide by the responsibility imposed.    There is no intimation in this charter, that the responsibility is a several, or, in any respect, a modified one.    It is, then, the liability provided by the common law, that of joint debtors or co-partners. *Southmayd* v. *Russ* & al. 3 *Conn. Rep.* 52.

In none of the cases in which the subject of the individual liability of corporators has been discussed, either in this State or elsewhere, has the principle for which the defendants contend ever been approved or sanctioned ; although it has, several times, been brought to the notice of the courts.

It is here urged as inequitable to subject a small stockholder to the payment of the entire debts of a bankrupt corporation ; from whence it is urged, that the legislature could not have intended it.    The first object of the legislature was to provide a certain, as well as a simple and efficient remedy for the creditors of this company ; it has been done ; and the stockholders have acceded to it, and have thereby *placed themselves* under the responsibilities of the common law ; and no more of hardship or injustice is perceptible in their condition, than in the ordinary and parallel case of a co-partnership, in which the

HARVARD LAW LIBRARY

*Hartford,*
June, 1835.

Deming
*v.*
Bull.

interests of co-partners are unequal, or in any other instance of joint obligations, in which there may be, as there often is, inequality of interest.

It is said, also, that the claim of the plaintiff, if recognized as the law, will impose ruinous burdens upon the heirs of stockholders. Such a consequence is not seen. If the stock, which is personal estate, is not exhausted in the payment of the debts of a deceased stockholder, and shall be, under the statute of distribution, distributed to the widow and next of kin, and is received by them, *together with its dividends or profits,* no reason exists why they should not hold it subject to the same liabilities as original stockholders: *volenti non fit injuria.* But such persons are not compellable to receive the stock, and thus be onerated against their will.

A *pro rata* contribution can be enforced only as between the stockholders themselves; and then it is equitable, and results from the doctrine of equality of burthen and benefit.

The superior court should be advised, therefore, that judgment be rendered in favour of the plaintiff.

In this opinion the other Judges concurred, except WILLIAMS, Ch. J., who gave no opinion, being interested in the question.

Judgment to be given for the defendants.