May Term,
1861.

SHAW
v.
BOYLAN.

Wednesday,
June 12.

FROMM and Another *v.* LAWRENCE.

A bill of exceptions not signed by the judge granting it, is a nullity.

APPEAL from the *Carroll* Common Pleas.

———————•◆•———————

SHAW, Receiver of the Deer Creek Prairie Protection Association, *v.* BOYLAN and Others.

The act of *June* 12, 1852, authorizing the construction of levees and drains, contains no provision making the corporators individually liable for the debts of corporations organized under it; and, in the absence of such a provision, the general rule is that they are not so liable.

The funds of such corporations are to be derived from assessments upon the lands beneficially affected, and not upon the corporators individually.

APPEAL from the *Carroll* Circuit Court.

DAVISON, J.—The appellant was the plaintiff below; and the appellees the defendants. The facts of this case, as they appear in the complaint, are substantially these: On *March* 7, 1853, the defendants under "An act to authorize the construction of levees and drains, approved *June* 12, 1852," entered into certain articles of association, in these words:

"ART. 1. The name of this association shall be the Deer Creek Prairie Protection Association.

" Art. 2. The object of this association shall be to construct a levee, sufficient to protect said prairie and the adjoining bottom from all high water from the *Wabash* river, with a sufficient culvert over the bayou over a tract of land known as the *Barr* farm.

" Art. 3. Said levee to commence at the bluff near *Henry C. Williams*', at the upper end of said prairie, running down said river to the high ground on *Daniel F. Vandeventer's* section of land. Also, beginning at the same ridge of high ground north of *Abraham Hamilton's*, and running south to the *Wabash* river ; thence down said river to some suitable point on the bluff, near the river, on said *Barr* tract.

Done at *Deer Creek Prairie, Carroll* county, *March* 7, 1853.

(Signed)  " John Boylan, Daniel Baum, Charles W. Robertson, William C. Clark, Miranda , Shaffer, John Runkle, Abraham Hamilton, Daniel F. Vandeventer, Christian C. Greenup, John Greenup."

These articles were duly filed and recorded, and the defendants thereby became a corporation, duly organized, under the above name and style. It is averred, that while the corporation thus organized was in existence, the same, in carrying out the purpose for which it was formed, and in the construction of the levee described in the articles of association, incurred an indebtedness of $1,000, for which the corporation, or its officers, have provided no means of payment. That said association, from its organization, remained and continued a corporation until the *November* term, 1856, of the *Carroll* Circuit Court, when, by the judgment of that Court, it was dissolved, and the plaintiff appointed receiver of its assets. And the plaintiff, in fact, says, that as such receiver, he proceeded to collect and reduce to cash the assets and credits of the corporation, and so far as he could, to pay off its debts; but, out of the proceeds of such assets and credits, he has been unable to pay all the indebtedness of the corporation; and he avers that there still remains an indebtedness of said corporation, amounting to about $600, which is unpaid, and which has accrued, and did accrue, in the prosecution of its

legitimate business. The relief prayed is, that such proceedings be had, that the exact amount of the indebtedness of the corporation may be ascertained, and that for the amount so ascertained, he, the plaintiff, may recover judgment against the defendants, &c., and for general relief, &c. Demurrer to the complaint sustained, and final judgment for the defendants.

This complaint is said to be defective, because it fails to point out the nature of the indebtedness upon which the plaintiff bases his action. The statute under which the corporation was organized, and which constituted her charter, contains no provision making the corporators individually liable for her debts; and, in the absence of such a provision, the general rule is that they are not so liable. To carry out the purposes of the corporation, her directors, having determined to construct a levee, or drain, are required by the statute to appoint three appraisers, who shall examine the lands to be in any way affected by the proposed work, assess the amount of benefit or injury to each tract of land, and make out a schedule thereof with their assessments, which shall be filed with the clerk of the board of directors, who shall cause the same to be recorded, &c. And from the time of such recording, such assessments shall be a lien upon said lands for the amount of the assessments. And the directors may order the payment thereof in such time and manner, for the construction or repair of the work, as they shall deem proper, which shall be paid to the treasurer of the corporation on demand, &c. And if payment of the assessment be not made, the lien may be enforced by an action, in the name of the corporation, against the owner of the land. 1 R. S., §§ 12, 15, 16, pp. 258, 259. Thus it will be seen, that the funds of the corporation, requisite to the prosecution of the work, were to be derived from assessments upon the owners of the land thereby beneficially affected, and not upon the corporators individually. It can not therefore be assumed, that they, as such individual members, promised, either expressly or impliedly, to raise any portion of the funds required for the payment of corporate debts. They are, it is true, liable severally, for the amounts respectively assessed on

their several tracts of land; but such liability is not charged in the complaint, and it seems to us that, under their charter, they could not otherwise be held individually liable. We are of opinion that these defendants are plainly within the general rule to which we have referred, and the result is, the demurrer was well taken.

*Per Curiam.*—The judgment is affirmed, with cost.

*W. C. Wilson* and *Geo. Gardner*, for the appellant.

*S. B. Sims*, for the appellees.