## SUPREME COURT.

### James F. Winter agt. Alfred Baker.

#### And four other causes against same defendant.

A creditor of a foreign corporation cannot maintain an action in this state against a director of the corporation for willful and fraudulent mismanagement of its affairs, whereby the property of the corporation was wholly wasted, lost or embezzled,

and the corporation rendered wholly insolvent, and the plaintiffs' claims against the corporation rendered wholly worthless. (*Affirming Gardner* agt. *Pollard*, 10 · *Bosw.* 674; *Smith* agt. *Poor*, 40 *Maine*, 415; *Smith* agt. *Hurd*, 12 *Met.* 371; *Allen* agt. *Curtis*, 26 *Conn.* 460.)

*New York Special Term, November*, 1867.

ACTION for damages.   The complainant alleged that he was the holder and owner for value, of a large amount of bank bills issued by a banking corporation of the state of Georgia; that the defendant was a director in said bank ever since January 1, 1857; that prior to January 1, 1861, the bank was solvent and able to pay all its debts; that after July 1, 1861, the bank became, and has ever since been insolvent and unable to pay its debts; that this insolvency was caused by various acts of malfeasance and misfeasance of the defendant and the other directors; among said acts being the following:

1. Selling the valuable assets of the bank for bills, notes and bonds of the Confederate States.

2. Receiving deposits of confederate money, and repaying them with good and valid assets of the bank.

3. Making unlawful agreements on behalf of the bank with third parties, and settling them with the valuable assets of the bank.

4. Selling the assets at credit in banks of New York, London and elsewhere, for confederate money and bonds.

5. Exchanging the bills of the bank for confederate money.

6. Disposing of the gold and other assets, without getting value therefor.

7. Using the funds of the bank in speculation, for defendant's own gain and profit.

8. Selling cotton and other assets of the bank to the defendant himself, and other directors, without securing value therefor.

9. Paying dividends to stockholders, including defendant, after the bank had suspended.

10. Loaning to the defendant himself, assets of the bank, which were repaid and settled in depreciated currency.

Scott agt. Roberts.

The defendant demurred to the complaint, upon the grounds that the complaint 'did not state facts sufficient to constitute a cause of action; that the court had no jurisdiction of the subject of the action, and for defect of parties.

W. M. EVARTS, W. G. CHOATE *and*
JOHN FITCH, *for defendant.*
WINTER & HARRIS, *for plaintiff.*

CLERKE, J.    These are actions brought by the several plaintiffs as the holders of the bills of a bank incorporated by the state of Georgia, against the defendant as a director of the corporation.

The reasons which I have mentioned in the preceding cases apply to these with greater force.    But more especially applicable to these cases is the rule well established, that a stockholder cannot sue directors for damages, on the ground their stock was made valueless by the misconduct of the defendant.    If a stockholder cannot maintain such an action, a creditor certainly cannot do so.

`Judgment on the demurrers, with costs.