*J. H. Mellet* and *M. E. Forkner*, for appellee.

———— • ————

## Todhunter and Others v. Randall.

DITCHING ASSOCIATIONS—LIABILITY OF MEMBERS.—If the liability imposed by section 4 of the act of 1859 (1 G. & H. 305) upon the members of ditching associations, to pay the debts contracted by the company, is a collateral one, nothing more can be required of the creditor than to show that he has been unable to compel payment by the ordinary process of law.

APPEAL from the *Howard* Circuit Court.

ELLIOTT, J.—*Randall* brought suit against *Todhunter* and others, who are the appellants here, as members of "The Howard Ditching Company," a corporation organized under the "act to authorize the construction of levees and drains," to recover the amount of a judgment recovered by him in the Court of Common Pleas of *Howard* county, against said company, for work and labor performed by him under a contract with the company.

The complaint is in two paragraphs, to each of which a demurrer was filed and overruled. Issues of fact were then formed, and tried by the court, the parties waiving a jury. Finding for the plaintiff. Motion for a new trial overruled and judgment.

A reversal of the judgment is urged on two grounds. 1. That the court erred in overruling the demurrer to the second paragraph of the complaint. 2. That the finding of the court is contrary to the evidence. The same facts are alleged in each paragraph of the complaint, except that the first, after showing a judgment against the company, the issuing of an execution thereon, and a return of *nulla bona,* avers that the "company is wholly insolvent, and has no assets whatever, the same being entirely disposed of and exhausted, nothing being left that can be reached by any process either at law or in equity;" while the second paragraph, after stating the recovery of a judgment against the company, and that an execution was issued thereon and placed in the hands of the sheriff of *Howard* county, alleges that said execution was duly returned by said sheriff "wholly unsatisfied, no property being found belonging to said ditching company with which to satisfy the same, or any part thereof, subject to execution; that said judgment still remains in full force and wholly unsatisfied; and the plaintiff avers that said company has no corporate assets or property which can be reached by execution, or other ordinary process; that the plaintiff has no means of collecting his aforesaid judgment, except from the members of said company."

The objection urged to the paragraph is that it does not sufficiently show that the assets of the company had been exhausted before the commencement of this suit. It is argued by the appellants counsel that the obligation imposed by the statute on the members of the company is but a collateral one, and only attaches when the company becomes insolvent, by all the means in its power to control being exhausted, and that so long as the company has the

power to levy assessments on those benefited by the improvement, the members of the corporation are exempt from personal liability. We are not prepared to sustain this view of the case. The 4th section of the supplemental act of 1859, (1 G. & H. 305,) declares that "all the members of such companies shall be individually liable for all debts contracted by, and damages assessed against any company of which he may at the time be a member." There is nothing in this section annexing any condition to such liability, except that the debt shall be contracted by the company, or the damages assessed against it, when the person sought to be made responsible is a member thereof. It is by no means clear that the section does not create an original obligation, and render the members of the corporation liable in the first instance. But we do not decide that question, as we are very clear in the opinion that if the obligation imposed by the statute be regarded only as a collateral one, still it is sufficient for the creditor to show that he has been unable by the ordinary process of law to compel payment. That fact is fully shown by the allegations of the second paragraph of the complaint, and the demurrer to it was correctly overruled.

This ruling also disposes of the second question, as it is conceded by the appellant's counsel that the evidence supports the second paragraph of the complaint.

The judgment is affirmed, with five per cent. damages and costs.

*N. R. Linsday* and *J. A. Lewis*, for appellants.

*C. N. Pollard* and *J. H. Kroh*, for appellee.