## SHAFER ET AL. *v.* MORIARTY ET AL.

DITCHING ASSOCIATION.—*Corporation.*—*Individual Liability.*—Where a ditching association was organized under, though not in strict conformity to, the law therefor, by persons who had subscribed articles of association which contemplated the construction of a ditch upon which the plaintiff performed manual labor, such persons, having brought the company into existence and permitted it to exercise the functions of a corporation *de facto* under the law relative to such organizations, making the members individually liable for manual labor performed in constructing the ditches, could not deny the corporate existence of the company in an action to recover for such labor.

SAME.—*Joint Liability.*—*Abatement.*—The liability of the members of a ditching association for manual labor performed in the construction of a ditch contemplated by the articles of association is joint, and not several; and in an action to recover for such labor instituted against part only of the members, a verified answer alleging that other persons, who are named, living and within the jurisdiction of the court, are members of the company and signers of the articles of association, is good on demurrer.

SAME.—*Primary Liability.*—The liability of the members of a ditching association for manual labor performed is primary, and it is no defence to an action against the members to recover for such labor, that the uncollected assessments upon lands for benefits accruing thereto by the construction of the work are sufficient to pay the indebtedness.

From the Tipton Common Pleas.

*C. N. Pollard, N. R. Overman, N. W. Parker,* and *J. T. Cox,* for appellants.

*J. Green* and *D. Waugh,* for appellees.

OSBORN, J.—The appellees brought suit against the appellants as members of a ditching association, to recover for

debts contracted by the association for manual labor performed for the company.

The complaint shows, among other things, the performance of the work, and the rendition of a judgment against the company for the amount due; that an execution had been issued to the proper sheriff in the usual form to make the judgment, and the return thereof *nulla bona;* that the claim remained unpaid; that the appellants were members of the association, and sets out the articles showing that they were signed by the appellants and many others.

A demurrer was filed to the complaint, because it did not contain facts sufficient to constitute a cause of action, and,

2. Because there was a non-joinder of parties defendants.

The demurrer was overruled, and an exception was taken.

The appellants then answered. Two of them filed an answer of three paragraphs :

1. That the association was not a valid organization and corporation authorized to make contracts, by which the members could be made liable in their individual capacity ; setting forth many reasons why they were not liable, in consequence of a failure to comply with the general law authorizing such organizations.

2. That other persons were members of the company and signers of the articles of association, and jointly liable with them, giving their names, and making the usual averments that they were alive and within the jurisdiction of the court.

3. The general denial.

The other appellants filed an answer in two paragraphs, similar in every respect to the second and third paragraphs above stated. The second paragraph in both answers was sworn to. Demurrers were filed to each of the special paragraphs of the answers, which were sustained, and exceptions taken. The cause was tried by the court, who found for the appellees, and, over a motion for a new trial, judgment was rendered on the finding and for costs.

The errors assigned call in question the liability of the appellants on account of the invalidity of the organization,

although all but two of the appellants admit that they are liable if the organization was not valid; second, also the character of the liability, whether it is joint or several; and, third, whether valid outstanding, uncollected assessments upon lands for benefits by the construction of the works mentioned in the articles of association, in amounts sufficient to pay the claim of the appellees, would avail the appellants as a defence to the action.

The appellants, with others, united in and signed articles of association for the construction of certain ditches and to drain certain wet and overflowed lands, under the general laws of the State. The articles were recorded in the recorder's office, and they became a corporation in fact, and as such became indebted to the appellees for manual labor performed for the company.

Sec. 16 of the act authorizing the formation of draining associations, 3 Ind. Stat. 227, is as follows: " All members of any company which has been organized, or which shall be organized under the provisions of this act, shall be personally liable for all debts contracted by the company for manual labor performed for the company." The company was organized under the provisions of the act, though not in strict conformity to it. After a company has contracted debts, as in this case, for the construction of a ditch contemplated by the articles of association, a member, whose name has been subscribed to the articles of association, ought not to be allowed to deny his liability because of a defect in the organization. Persons performing manual labor for the company cannot be expected to scrutinize the articles of association to determine whether they are prepared in strict compliance with the statute. The company has been organized under the provisions of law, that is, under a law for the organization of such companies, and for a purpose specified in the law. Laborers may well rely upon the persons whose names are signed to the articles as members, for pay for work done for the company. Having assisted in bringing the company into existence, and permitted it to exercise

the functions of a corporation *de facto* under the law rel-
ative to such organizations, the subscribers cannot deny its
existence in any action to recover for manual labor performed
for the company.

Under a statute " that the members of the company shall
be liable individually, in the same manner as carriers at com-
mon law, * * * and for all contracts which shall be
made by such agents relating to the business of the corpo-
ration," it was held that the members of the corporation were
liable to the same extent and in the same manner as if there
was no act of incorporation; that an action brought against
them should be against all the members, but that the non-
joinder must be pleaded in abatement. *Allen* v. *Sewall*, 2
Wend. 327. SAVAGE, C. J., on page 338, says: " Individ-
ual liability in the act must be understood in contradistinc-
tion to corporate liability, and the defendants must there-
fore be held responsible to the same extent, and in the same
manner as if there was no act of incorporation. The plaintiffs
undoubtedly might have sued the corporation, but they had
their election under the sixth section of the act to consider the
association an unincorporated copartnership. It is true that
the plaintiffs should have brought their suit against all the
copartners, as this is an action *quasi ex contractu;* but this
error of the plaintiffs can be taken advantage of only by
plea in abatement."

In an act for incorporating a manufacturing company, it
was provided that the persons and property of the mem-
bers of the corporation should at all times be liable for all
debts due by said corporation. It was held that the liability
was joint, and not several. *Middletown Bank* v. *Magill*, 5
Conn. 28. HOSMER, C. J., on page 47, says: " It has
been insisted, for the defendants, that the liability of the
members is not joint, but several. I have heard no argu-
ment, nor am I capable of conceiving any, by which
such a proposition can be supported. It is opposed to the
words of the proviso, which clearly substitute certain mem-
bers jointly to the legal obligation for the payment of debts,

in place of the corporation. It equally contravenes the common law, which considers the liability for a single debt, contracted by several persons, as joint, and capable of enforcement against all the individuals." The rule would be different if the liability of the stockholder for the debt was in proportion to his stock and to its amount. In such a case, their liability would be subject to different rules. One might be liable for one amount and another for a different one according to the amount of stock held. A joint suit would be impracticable, as there could be no joint judgment. *The Bank of Poughkeepsie* v. *Ibbotson*, 24 Wend. 472; *Garrison* v. *Howe*, 17 N. Y. 458. So when the act provides, that "any person having any demand against the corporation may sue any stockholder and recover the same." *Moss* v. *Oakley*, 2 Hill N. Y. 265.

The signers of articles of a ditching association, under the laws of this State, authorizing such organizations, become members of the company and thereby associate themselves together, under the corporate name assumed, for the purpose of draining, reclaiming, and protecting wet land, or such as may be liable to be overflowed. They become members of, but not stockholders in, the company. The company has no capital stock, and the law does not authorize it to issue any. Nor does it provide for a transfer of the interest of a member or his release from liability as such. It contemplates that the land benefited by the work will be charged with the payment of its cost, and provision is made for that purpose; but the section already quoted makes the members liable for the debts of the company for manual labor in the first instance. It is true that they are permitted to do the work and contract the debts in a corporate name, but they are declared to be liable personally for such debts, to the same extent as if the work was done and the debts contracted by them as partners. We conclude that they are liable jointly and not severally, and that the demurrers to the paragraphs setting up the non-joinder of the other members of the company were erroneously sustained.

Whether a member can withdraw from the association and thus escape liability for debts thereafter contracted, is not before us, and we express no opinion upon it.

Under the law, the members are primarily liable for debts of the character sued for in this action. The language is, " shall be liable for all debts contracted by the company for manual labor performed for the company." They are not guarantors, or collaterally liable, after the assets of the company are exhausted, as provided in section 38 of the general railroad law, 1 G. & H. 517, or as is sometimes provided after judgment against the company and the return of an execution of no property. *Harger* v. *McCullough,* 2 Denio, 119; *Corning* v. *McCullough,* 1 Comst. 47.

Of course, the liability depends entirely upon the statute. The creditors of a ditching association, on account of manual labor performed for the company, need not even sue the company before resorting to the members. They are not required to wait until the assets of the association are exhausted, or until its assessments for benefits upon land are collected. Undoubtedly the members paying any such debts would be entitled to be reimbursed out of the receipts when the assessments should be paid; but the creditor is not required to wait until they are collected. It follows that proof that uncollected assessments were outstanding would be no defence to an action against a member. *The Marion Township, etc., Co.* v. *Norris,* 37 Ind. 424.

The judgment is reversed, with costs; cause remanded, with instructions to overrule the demurrers to the paragraphs of the answers in abatement, and for further proceedings in accordance with this opinion.