REEDER ET AL. *v.* MARANDA ET AL.

DRAINING ASSOCIATION.—*Personal Liability of Stockholders for Debts of.— Complaint.*—In an action to recover, personally, from certain stockholders in a draining company, the amount of a judgment previously rendered in plaintiff's favor, against such company, for work and labor performed by the plaintiff for the company, an allegation in the complaint "that all of said defendants, together with this plaintiff, had signed the articles of association of said ＊ ＊ association, and were members thereof at the time of the performance of said labor, and at the time of the rendition of said judgment therefor," sufficiently shows that the defendants were members of the company at the time the debt in question was contracted.

SAME.—*Debt Contracted previous to Membership.*—A stockholder is not liable for debts of the company contracted before he became a member.

SAME.—*Fraud and Misrepresentation.*—In such case, a paragraph of answer setting up fraud and misrepresentation in procuring the defendants to become members of the corporation, but not in any way implicating the plaintiff in either, is no defence to the action.

SUPREME COURT.—*Defect of Parties.*—*Practice.*—A point as to a defect of parties defendants can not be made for the first time in the Supreme Court.

SAME.—*Harmless Error.*—*Withdrawal of Pleading.*—It is a harmless error to sustain a demurrer to a paragraph of answer, when the matter of that paragraph can be given in evidence under the general denial, which is also pleaded; and the subsequent withdrawal of the general denial can not make the ruling materially erroneous.

From the Tipton Circuit Court.

*D. Moss,* for appellants.

*J. Green, D. Waugh, J. Waugh* and *J. W. Robinson,* for appellees.

WORDEN, C. J.—This was an action by Maranda, against the appellants, to recover from them personally, as stockholders in a corporation known as the Union Draining Association, for work and labor performed by the plaintiff, for the company. The action seems to have been based upon the 16th section of the act of 1869 on the subject of the construction of levees, dikes and drains, etc., 3 Ind. Stat. 222, which provides that " All members of any company which has been organized, or which shall be organized under the provisions of this act, shall be personally liable for all debts contracted by the company for manual labor performed for the company."

Judgment for the plaintiff.

Errors are assigned upon the rulings of the court in overruling a demurrer to the complaint, and in sustaining demurrers to the second, third and fourth paragraphs of answer.

The objection urged to the complaint is that it does not appear thereby that the appellants were members of the company at the time the debt in question was contracted.

The claim had been reduced to judgment against the company. There were two paragraphs in the complaint, each showing the insolvency of the company, in the first of which it was alleged "that all of said defendants, to-

gether with this plaintiff, had signed the articles of association of said Union Draining Association, and were members thereof at the time of the performance of said labor, and at the time of the rendition of said judgment therefor." The same allegation is found in the second paragraph.

We think the allegation above set out sufficiently showed that the defendants were members of the company at the time the debt in question was contracted.

It is also urged in the brief of counsel for the appellants that all of the members of the company should have been, but were not, made defendants to the action. No such point was made in the court below, either by demurrer or answer, and it cannot be made here for the first time.

The second and third paragraphs of the defendants' answer alleged, in substance, among other things, that the debt in question was contracted before the defendants became members of the corporation ; and it is insisted that, because of these allegations, the demurrers to the paragraphs should have been overruled. If the appellants were not liable for the debts of the corporation contracted before they became members, which would seem to be the case (see *Williams* v. *Hanna,* 40 Ind. 535), the point made is a material one. But the allegations were but an argumentative denial of what the plaintiff was bound to prove under the general denial, which was filed, viz., that the defendants were members of the company at the time the debt was contracted. The matter thus pleaded could have been given in evidence under the general denial, and, therefore, it was not fatally erroneous to sustain the demurrer. To be sure, the general denial was afterward withdrawn, but its withdrawal could not make a ruling erroneous which was not so at the time it was made.

The fourth paragraph of answer sets up fraud and misrepresentation in procuring the defendants to become

members of the corporation ; but the plaintiff is in no way implicated in either. We think it unnecessary to cite authorities to show that this is no defence to the action.

We find no error in the record.

The judgment below is affirmed, with costs.