No. 8172.

TRIPPE v. HUNCHEON ET AL.

| 82 | 307 |
| 149 | 61 |

DRAINING ASSOCIATION.—*Corporation Debts.—Judgment.—Individual Liability.—Statute Construed.*—A complaint against members of an association formed under the act of June 12th, 1852, authorizing the construction of levees and drains, and the supplemental act of June 4th, 1861, to enforce their liability for the debts of the corporation, under sec. 4 of the act of March 4th, 1859, in which the plaintiff claims as assignee of a judgment for the debt, rendered against the corporation, and sets out an assignment of the judgment to him, and a bill of particulars of the services for which the judgment was rendered, must be regarded as a suit on the judgment.

SAME.—*Stockholders' Liability.*—The liability of the members of the association, in such case, is not for the judgment, but for the original debt, as individuals and not as corporators, and a complaint against them founded upon the judgment against the corporation is bad on demurrer.

From the Laporte Circuit Court.

*S. L. Trippe,* for appellant.

*M. H. Weir, W. B. Biddle, W. D. Foulke* and *J. L. Rupe,* for appellees.

MORRIS, C.—The appellant, who was the plaintiff below, stated in his complaint, that on the 19th day of December, 1873, Edwin G. McCullom recovered a judgment in the Laporte Circuit Court against the Kankakee Valley Draining Company, for $2,553.16, which still remains unpaid and un- reversed; that said judgment was recovered for work and la- bor performed by said McCullom as the secretary of said company, and that said judgment was duly assigned to the appellant, on the 9th day of January, 1878; that, when the judgment was rendered, each and all of the appellees were members of said company and had been from its organiza- tion; that the company was a corporation, organized Decem- ber the 16th, 1868, by virtue of an act of the Legislature of Indiana, authorizing the construction of levees and drains, approved June 12th, 1852, and an act supplementary thereto, approved June 4th, 1861, and that by the 4th section of the act of March 4th, 1859, all the appellees were made liable for the debts of said company.

It is further stated that McCullom's claim was a debt con- tracted by said company, and that said judgment is the debt of the company and the appellees; that the appellees were members of said company from December the 16th, 1868, until its dissolution on February the 2d, 1875; that the ap- pellees subscribed, and caused to be recorded in said county, articles of association under the laws aforesaid, on the 30th day of December, 1868; that on the 24th day of March, 1871, said company, by its board of directors, adopted as sup- plements to its original charter, to take effect from April the 1st, 1871, the provisions of the act approved February 23d, 1871, authorizing the construction of levees, etc.; that on the 7th of May, 1873, the appellees organized said company un- der the act of March the 10th, 1873, and that it continued to

be a corporation *de facto*, under the laws of the State, until February the 2d, 1875, when it was dissolved and its franchises declared forfeited by order of the Laporte Circuit Court. A transcript of the judgment declared on and of the proceedings by which the corporation was dissolved, and copies of the original articles of association of the company, the resolution of the board of directors adopting the act of February 23d, 1871, and of the proceedings by which it is alleged that the appellees organized under the act of March the 10th, 1873, were filed with the complaint.

The appellees demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The court sustained the demurrer, and, the appellant electing to stand by his pleading, final judgment was rendered in favor of the appellees.

The only error assigned is the ruling of the court upon the demurrer.

The appellant insists that the exhibits filed with his complaint do not constitute a part of it, and can not be considered by the court in passing upon the demurrer. We think that the articles of association by which the Kankakee Valley Draining Company was organized originally, and the papers by which it is claimed that the appellees organized under the act of March the 10th, 1873, may be regarded as a part of the complaint. The other exhibits are not part of the complaint.

We also think that the complaint, with the articles of association filed with it, sufficiently shows that the Kankakee Valley Draining Company was a corporation created and existing under the laws of the State.

The appellant says: "There is nothing to show that the Kankakee Valley Draining Company was within the saving clause of the act of December the 14th, 1872, consequently it must be presumed that this company went out of existence as a corporation, except as continued by operation of the general law for three years, the time necessary to close up its business. The complaint alleges, and the demurrer admits, a reorgan-

ization of the company under the law approved March the 10th, 1873, which was in force at the rendition of the judgment. In the absence of anything showing the contrary, it will be presumed that the original claim on which the judgment was rendered, accrued after the reorganization of the company in 1875."

It is not alleged in the complaint that the contemplated work of the original corporation, organized in 1868, did not exceed sixteen miles in length. It must, therefore, be held to have ceased to exist as a corporation from the time the act of the 14th of December, 1872, took effect. *Cooper* v. *Arctic Ditchers*, 56 Ind. 233.

It appears from the complaint that the Kankakee Valley Draining Company continued to do business after the act of 1872 took effect, as it had before. It is alleged in the complaint that the appellees organized themselves as a corporation under the act of March the 10th, 1873, by the name of the original company. It is this new corporation for which, the appellant claims, the services of McCullom were rendered, and its members, the appellant insists, are liable to pay the judgment mentioned in the complaint.

Assuming that the organization of the appellees as a corporation under the act of 1873 is sufficiently averred in the complaint, they would be liable, as members of the corporation, only for such debts as had been contracted by that corporation. It is nowhere alleged in the complaint that the services of McCullom were rendered for the new corporation. The inference, from the facts stated is, that the services for which the judgment was obtained, were rendered for the old company. McCullom recovered $2,553.16 for services as secretary of the company. The act of 1873 provides for the election of a clerk. The judgment at most could only have included the value of services rendered by McCullom for the new company between the 17th of May, 1873, the time it was organized, and the last of November, 1873, the time of the commencement of his suit.

But it is urged that the judgment in favor of McCullom is, if not conclusive, *prima facie* evidence of a debt contracted by the new company—that it is a debt itself within the meaning of the 26th section of the act of 1873, upon which the appellees are liable, and by which they are bound. The 26th section of the act is as follows:

" The members of every such association shall be individually liable for all debts contracted by, and all damages assessed and accrued against the association during their membership."

This imposes upon the members of such a corporation, as individuals, not as corporators, an absolute, primary obligation to pay all debts contracted by the company of which they are members. Their liability is created by the statute, and is distinct from any obligation which they, as corporators, owe to the corporation or its creditors. The corporation has nothing to do with this liability, nor has it the right or the power to represent its members as to this individual obligation. It is a matter between the creditors of the corporation and its members, not as corporators, but as individuals.

In the case of *Allen* v. *Sewall*, 2 Wend. 327, SAVAGE, C. J., says: "Individual liability in the act must be understood in contradistinction to corporate liability, and the defendants must therefore be held responsible to the same extent, and in the same manner as if there was no act of incorporation. The plaintiffs undoubtedly might have sued the corporation, but they had their election under the 6th section of the act to consider the association an unincorporated copartnership. It is true that the plaintiffs should have brought their suit against all the copartners, as this is an action *quasi ex contractu;* but this error of the plaintiffs can be taken advantage of only by plea in abatement." The 6th section of the statute alluded to by the court is as follows:

" And be it further enacted, that the members of the company shall be liable individually in the same manner as carriers at common law, for the transportation of all goods,

wares and merchandise delivered to the agents of said corporation, and for all contracts which shall be made by such agents relating to the business of the corporation."

The above case has been approved by this court in the case of *Shafer* v. *Moriarty*, 46 Ind. 9, and the same construction given to the 16th section of the act of 1869, which is the same as that under consideration.

In the case of *Miller* v. *White*, 50 N. Y. 137, it was held that the trustees of a manufacturing corporation are neither parties nor privies to a judgment against the corporation, and that when, in consequence of a failure to make and file an annual report as required by law, they become liable to pay the debts of the corporation, and an action is brought against them to enforce that liability and collect a debt due from the corporation, proof of the recovery of a judgment thereon against the corporation is neither conclusive nor *prima facie* evidence of the debt. See also *McMahon* v. *Macy*, 51 N. Y. 155.

The appellant insists that these cases have been modified by the case of *Hastings* v. *Drew*, 76 N. Y. 9. This suit was a proceeding in the nature of a creditor's bill, the object of which was to reach property in the hands of the stockholders of the corporation, which belonged to the corporation, and had been distributed by it among its stockholders. The court held that in a suit against the corporation the stockholders, as to the property of the corporation, which was trust property, in their hands, were represented by the corporation, and that a judgment rendered against it in such suit was at least *prima facie* evidence against the stockholders. But the question in this case was altogether unlike the questions involved in the cases of *Miller* v. *White* and *McMahon* v. *Macy*. The court very properly distinguished the cases.

In the case of *Southmayd* v. *Russ*, 3 Conn. 52, the court held, upon a provision in the charter of a manufacturing corporation, that "the persons and property of the members of said corporation, shall, at all times, be liable for all debts due

by said corporation," that the object of the provision was to leave the members liable as original undertakers and partners, precisely as if no corporation had existed, and that they must be sued directly upon the contract.

The same doctrine is held in the case of *Bohn* v. *Brown,* 33 Mich. 257, cited by the appellant.

The statute of Michigan makes the stockholders of certain corporations liable, jointly and severally, in their individual capacity, for all labor performed for such company, and any debt contracted while the directors were in office, and the other members remained stockholders, in case the directors should declare or pay a dividend when the company was insolvent. The statute further provided, that the members should not be sued individually until judgment had been obtained against the company, and an execution returned thereon unsatisfied, in whole or in part, or until the corporation should have been dissolved.

In speaking of what constitutes the cause of action against stockholders, under these provisions of the statute, the court says :

" The right to sue the stockholder is just as broad, or more precisely, the causes of action on which he may be held are just the same, in case the corporation is dissolved, as in case it is not. * * * The statute throughout assumes the existence of a cause of action against the stockholders prior to judgment against the company, and in case the corporation is not dissolved, requires the proceedings against the company as preliminary to a suit against the stockholder, not to bring into existence a cause of action against him, but, among other things, to collect of the corporation itself, if practicable, before going against the stockholder. The fundamental ground of action against the stockholder is, then, the original cause of action against the company, and the proceedings against the corporation, when it is not dissolved, are matters of inducement."

The court says that, upon the trial, the judgment against

the company might be used as evidence against the stock-holder, but says that the decision of that question is not nec-essary. In agreement with these cases, are the following: *Deming* v. *Bull*, 10 Conn. 409; *Mokelumne Hill Canal, etc., Co.* v. *Woodbury*, 14 Cal. 265; *Davidson* v. *Rankin*, 34 Cal. 503; *Young* v. *Rosenbaum*, 39 Cal. 646.

There are several cases in this court in which suits like this have been sustained, but the question raised in this case was neither presented nor examined. In *Ward* v. *Polk*, 70 Ind. 309, the suit was against the members of a corporation. The complaint was in three paragraphs. The first was on the original contract with the company; the second was a *quantum meruit;* the third was upon a judgment against the company. The court says: "No question arises upon the complaint." Nor was the question raised in the case of *Reeder* v. *Maranda*, 66 Ind. 485, though the court held that the complaint must show that the defendants were members of the corporation at the time the work was performed. The same may be said of the case of *Todhunter* v. *Randall*, 29 Ind. 275. We know of no case where the question has been presented to and decided by this court. In the case of *Marion Township Union Draining Co.* v. *Norris*, 37 Ind. 424, the liability of the members of such corporations is held to be unconditional and primary.

In this and similar cases, by becoming members of the corporation, such members impliedly agree that, as individuals, they will pay all debts contracted by the corporation, and to this agreement its creditors become parties. It is upon this obligation that the creditor, who seeks to charge the members of the corporation as individuals, must sue—not upon a judgment obtained against the corporation. As to this individual obligation, the corporation does not represent its members.

We think the court did not err in sustaining the demurrer to the complaint.

PER CURIAM.—It is ordered, upon the foregoing opinion,

that the judgment below be affirmed, at the costs of the appellant.

## ON PETITION FOR A REHEARING.

MORRIS, C.—The appellant insists that this action is not, as the court held, based upon a judgment against the corporation, but upon the original indebtedness and the undertaking of the stockholders as individuals, to pay the debts of the corporation. We have re-examined the amended complaint, as set forth in the amended transcript, and we are satisfied that the action is upon the judgment, and not upon the original indebtedness of the corporation.

The appellant sues as the assignee of the judgment; he sets out the assignment, and avers that the appellees are liable upon it. True, he avers that the judgment was for services rendered to the corporation, and sets out an account of such services, but the action is not founded upon the account, but upon the judgment.

Where a judgment is declared upon as the cause of action, it is conclusive between the parties to it. We do not think the judgment in this case against the corporation could be held to be conclusive against the stockholders when sued individually for the debts of the corporation. It is not the cause of action upon which they are liable to be sued. No one would pretend that the individual liability of the stockholder for the debts of the corporation, which is primary, would be merged in a judgment against the corporation for such debts. Whether the judgment against the corporation for its indebtedness could be used in evidence against the stockholders when sued individually for such indebtedness, is another question which we need not decide; but it is certain, we think, that the cause of action, the original indebtedness, still exists as a cause of action against the stockholders, notwithstanding the judgment against the corporation, that it is not merged in such judgment, and upon it the stockholders are individually liable. And to this we understand the ap-

pellant to agree. But if the judgment against the corporation is to have the effect of a judgment against the stockholders individually, it would seem that as to him the cause of action upon which the judgment is rendered must be held to be merged in it, and that the stockholder is no longer liable upon it. This is not the law. The liability of the stockholder is primary, and he may be sued upon the original indebtedness though it has been put in judgment against the corporation.

PER CURIAM.—The petition for a rehearing is overruled.