JACOBSON, Receiver, etc., v. ALLEN, Exr., etc., and others.

(*Circuit Court, S. D. New York.* June 20, 1882.)

1. ACTION—AGAINST STOCKHOLDERS—RECEIVER—CAPACITY TO SUE.
    Where the right of action sought to be enforced does not exist in favor of the complainant, on demurrer the bill will be held bad. So *held* in an action brought by the receiver of an insolvent corporation seeking to charge stockholders with a liability imposed by a section of the incorporating act.

2. STOCKHOLDERS—STATUTORY LIABILITY—DEBTS OF CORPORATION.
    The liability of the stockholders of a corporation is a collateral statutory obligation for the benefit of the creditors, of which the former become sureties to the latter for the debts of the corporation.

3. SAME—COLLATERAL OBLIGATION—RIGHTS OF CREDITORS.

> Neither a receiver, an assignee in bankruptcy, nor an assignee under a voluntary general assignment for the benefit of creditors, each of whom represents creditors as well as the insolvent, acquires any right to enforce a collateral obligation given to a creditor or to a body of creditors by a third person for the payment of the debts of the insolvent.

*Howard Mansfield,* for defendant.

*Johnson, Cantine & Dening, E. Patterson, Martin & Smith,* and *Reynolds & Lowrey,* for defendants.

WALLACE, C. J. Without passing upon subordinate questions raised by the demurrer, the bill must be held bad because the right of action sought to be enforced does not exist in favor of the complainant. The defendants are sued as stockholders of the bank of Chicago, an insolvent corporation of the state of Illinois, and the bill seeks to charge them with a liability imposed by one of the sections of the incorporating act, which provides that "each stockholder shall be liable to double the amount of stock held or owned by him, and for three months after giving notice of transfer." The bill alleges that in a suit brought by a creditor of the bank in the superior court of Cook county, Illinois, the complainant was duly appointed by that court "receiver of all the estate, property, and equitable interests of said bank," and duly qualified and has ever since acted as such receiver. Unless the right of action to recover the statutory liability of stockholders was part of the "estate property or equitable interests" of the bank, it did not pass to the receiver under his appointment. Not only because of the allegation of the bill, but also from the inherent nature of a receiver's title, the complainant did not acquire the right to enforce the statutory liability, if it existed, only in favor of creditors of the bank and not in favor of the corporation. It is not contended that the corporation could have enforced this liability against the stockholders, but the position is taken that upon the insolvency of the corporation a fund arises by force of the statutory provision for the benefit of the creditors of the corporation, which is to be deemed part of the equitable assets of the corporation. Undoubtedly such provisions are intended to create a fund for the benefit of creditors in case of the insolvency of the corporation; but whether the creditors can resort to the fund jointly or only severally, and whether the right of the creditor is one at law or one to be enforced in equity and in subordination to the rights of the whole body of creditors, depends in each case upon the terms of the particular statute. Obviously the fund resembles an asset of the corporation more nearly when by the terms of its creation it constitutes an equitable fund for the common

benefit of all the creditors, than it does when it is secured to the creditors severally and at law.

Under this particular statute it has been determined by the courts of Illinois that a creditor of the corporation may sue individually and at law, (*McCarthy* v. *Lavasche*, 89 Ill. 270;)and under a similar statute it was held by the same court that the creditor's right of action was not divested by the appointment of a receiver of the corporation. *Arenz* v. *Weir*, 89 Ill. 25. Undoubtedly, if the liability were merely a several one in favor of the creditors, no one creditor could be divested of his right of action by any proceeding or judicial decree to which he was not a party, and therefore a receiver appointed in a suit brought by one creditor against the corporation could not acquire the rights of the other creditors. *Wincock* v. *Turpin*, 96 Ill. 135. It has not been definitely determined by the courts of Illinois that a suit might not be maintained in equity by all the creditors, or one in behalf of all, to recover of the stockholders when the liability is imposed in the terms employed in the present statute. If the question were to be determined irrespective of the adjudication of that state, it would hardly be deemed doubtful that the act creates a fund which may be pursued in equity for the common benefit of all the creditors. *Briggs* v. *Penniman*, 8 Cow. 387; *Mathez* v. *Neidig*, 72 N. Y. 10 ); *Terry* v. *Little*, 101 U. S. 216. Assuming that such is the character of the fund, it still remains for the complainant to maintain that it is property or assets of the corporation, and passed to him by virtue of his appointment as receiver. No case is cited to support this contention.

In *Weeks* v. *Love*, 50 N. Y. 571, it is said *obiter* that the stockholder's liability may be treated as corporate property. That was an action at law by a creditor against the stockholder, in which it was sought to be maintained that the creditor must resort to equity; but the action was sustained. Numerous authorities recognize the right of a receiver or assignee in bankruptcy to sue for the recovery of unpaid stock, but in these cases the corporation could have maintained the action. So, also, the right of such an officer is maintained to recover assets of the corporation which the corporation could not have recovered, because it would have been estopped from asserting its own fraudulent or illegal conduct in the disposition of the assets. These authorities fall short of the present point.

The receiver of an insolvent corporation makes his title through the corporation. He cannot through his appointment acquire that which the corporation never had. He represents the creditors of the

corporation in the administration of his trust, but his trust relates only to the corporate assets. As trustee for creditors he represents them in following the assets of the corporation, and can assert their rights in cases where the corporation could not have been heard. He is not a trustee for creditors in relation to assets which belong to them individually, or as a body. *Bristol* v. *Sanford*, 12 Blatchf. 341.

As is said in *Curtis* v. *Leavitt*, 15 N. Y. 44:

"He is by law vested with the estate of the corporate body, and takes his title under and through it. It is true, indeed, that he is declared to be a trustee for creditors and stockholders; but this only proves that they are the beneficiaries of the fund in his hands, without indicating the sources of his title or the extent of his powers."

The liability of the stockholders to creditors may be regarded as a collateral statutory obligation of the stockholders for the benefit of the creditors, by which the former become sureties to the latter for the debts of the corporation. *Hicks* v. *Burns*, 38 N. H. 145. It matters not whether it is an obligation to each creditor severally or to all jointly; in either case the character of the obligation is the same. Neither a receiver, an assignee in bankruptcy, nor an assignee under a voluntary general assignment for the benefit of creditors, each of whom represents creditors as well as the insolvent, acquires any right to enforce a collateral obligation given to a creditor or to a body of creditors by a third person for the payment of the debts of the insolvent.

The demurrer is sustained.

NOTE. See, generally, *Shaw* v. *Boylan*, 16 Ind. 384; *Todhunter* v. *Randall*, 29 Ind. 275; *Carne* v. *Brigham*, 39 Mo. 35; *Ochiltree* v. *Railroad Co.* 21 Wall. 249; *Carey* v. *Galli*, 94 U. S. 672, As to the rights of creditors, see *Winter* v. *Baker*, 34 How. Pr. 183.