Nov. Term, 1854.

HAASE
v.
ROEHRS-
CHEID.

---

## HAASE *v.* ROEHRSCHEID.

A Court will not make an allowance to a father for the education and support of his minor children, if his private means are sufficient for the purpose; and on an application for such allowance, the insufficiency of his private means must be shown affirmatively.

An allowance will be made out of an infant's estate for his education, if the father is unable, out of his private means, to educate him.

APPEAL from the *Wayne* Court of Common Pleas.

DAVISON, J.—*Wilhelm Haase*, at the *January* term, 1853, filed a petition in the *Wayne* Common Pleas, setting forth that *John Roehrscheid* died in the year 1849, intestate, leaving personal estate worth 2,350 dollars, which estate has been finally settled by a proper administrator; that fourteen years prior to *John's* death, the plaintiff became the husband of *Barbara Roehrscheid*, the sister and one of the heirs of the intestate; that in *September*, 1849, just three months after the death of her brother, she died, leaving two children, the issue of her marriage with the plaintiff, viz., *Magdalena Haase* and *Wilhelmina Haase*, the former aged seven, and the latter thirteen, and also one child by a former husband, named *George Paulus;* that *George Roehrscheid*, the defendant, was appointed by the Probate Court of *Wayne* county guardian of these children, and in that capacity received 470 dollars, the share of *Barbara* in the intestate's estate, to which his wards were entitled as her heirs, and of which 333 dollars and 33 cents belonged to the plaintiff's children.

The petition states that the plaintiff, and both the children, reside in the state of *Ohio;* that on the 11th of *March*, 1851, he was appointed by the Court of Common Pleas of *Hamilton* county in that state, their guardian, and as such was duly sworn and gave bond, &c., and that an authenticated copy of his letters of guardianship is now on file in the *Wayne* Common Pleas, &c.; that he has maintained and still continues to maintain his children by his personal labor; that he has educated them, as far as his limited means will enable him, but that they are in need of further education; and for the purpose of their maintenance and education, the petition prays an order directing the defendant to pay into Court, for the plaintiff's use, such sums of their moneys in his hands as may seem right, &c.

There was a demurrer sustained to the petition, and judgment given for the defendant, &c.

The character in which the plaintiff sues, whether as parent or guardian, is not plainly shown; but there being

Nov. Term, 1854.

HAASE v. ROEHRS- CHEID.

*Tuesday, December* 19.

Nov. Term,
1854.

HAASE
V.
ROEHRS-
CHEID.

no sufficient ground stated for a recovery as guardian, the petition must be regarded as an application to the Court by a father, who desires to procure means from the estate of his minor children for their support and education.

In relation to this subject, there is a statute which provides that "every guardian shall have the custody and tuition of such minor, and the management of such minor's estate, during minority," &c., "provided, that the father of such minor, or, if there be no father, the mother, if suitable persons respectively, shall have the custody of the person and the control of the education of such minor;" that "when any ward has no father or mother, or such father is unable, or fails to educate such ward, it shall be the duty of his guardian to provide for him such education as the amount of his estate may justify." 2 R. S. 1852, p. 324, ss. 6 and 9.

Under these provisions it becomes the duty of the Court, a proper case being presented, to direct the guardian to pay over an amount of the ward's estate necessary for his maintainance and education. But is such case shown by the petition? It alleges, 1. That the plaintiff had maintained and still maintains his children by personal labor. 2. That he has educated them as far as his limited means will enable him, but they are in need of further education.

The first allegation is insufficient. It is the duty of a father to support and educate his minor children, and unless he can show affirmatively that he is, in point of means, unable to perform that duty, he will not, for such purpose, be allowed a claim upon their estate. No want of ability in the plaintiff to support his children is indicated by the language used in the allegation.

But the second charge is, in our opinion, sufficient to authorize the Court to hear the case upon evidence. It is, in effect, alleged that the children are in want of education, and that their parent is unable to contribute means for that purpose. This brings the case, so far as it relates to the education of the minors, within the provisions above quoted.

We think, therefore, that the demurrer should have been overruled.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*T. Means*, for the appellant.