## KERNODLE *v.* CALDWELL, ADMINISTRATOR.

CONTRACT.—*Promise to Pay Board of Adult Daughter.*—A father is liable for the board of his daughter over twenty-one years of age, if furnished at his request, though no promise to pay such board be made in writing.

SAME.—Nor will the fact that the daughter in such case may have taken up her home with the party furnishing such board, and rendered services for such party without expectation of charging for the same, or being charged for board, relieve the father from his liability, if the board was furnished at his special instance and request.

PRACTICE.—*Demurrer.*—It is error to overrule a demurrer to a special paragraph of a reply, if the facts are not sufficient to bar the answer, though proof of the facts might be admissible under the general issue pleaded.

SAME.—*Partial Reply.*—A paragraph of reply which professes to reply to the whole answer, but which is a reply to only a part of the answer, cannot be sustained.

From the Boone Common Pleas.

*A. J. Boone, R. W. Harrison,* and *O. S. Hamilton,* for appellant.

*J. A. Stein* and *Caldwell & Caldwell,* for appellee.

DOWNEY, C. J.—This case was once before in this court, the parties being reversed. 34 Ind. 424. The action was by the appellee, as administrator of the estate of Zacheus Tiberghein, deceased, against the appellant, on two promissory notes, and there was judgment for the plaintiff. The defendant pleaded by way of set-off, that the plaintiff's intestate was indebted to him in the sum of fifty dollars, for services rendered in collecting money and securing and renewing notes for him at his special instance and request; in the sum of eleven hundred dollars, for taking care of, boarding, washing, and various other services performed at the special instance of the deceased and his family, a bill of particulars of which was filed; which he asked might be allowed as a set-off against the notes, and for judgment for any overplus. In the bill of particulars, the items are set forth as follows:

To collecting money, loaning the same, and services performed in and about the same, - - $25.00

To taking care of said deceased and his wife, Mary Tiberghein, boarding and washing for same, from about the 1st of November, 1853, and continuing twenty-four weeks, at three dollars each per week, 144.00

To keeping and feeding two horses for said deceased from the 24th of November, 1853, and continuing from that date for twenty-four weeks, at two dollars per week, - - - - - - - 48.00

To boarding, washing, mending boots and shoes, making clothes and mending same, of deceased, and feeding and caring for one horse beast, for six

Kernodle *v.* Caldwell, Adm'r.

months and eighteen days, commencing in Octo-
ber, 1858, and continuing until May 28th, at two
dollars and fifty cents per week, - - -    70.00

To boarding, washing, mending boots, shoes, and
clothes, and taking care of deceased, and feeding
and caring for one horse beast, four months and
five days, at two dollars and twenty-five cents per
week, from November 1st, 1859, to April 28th,
1860, - - - - - - - -    32.00

To same kind of services as above, from November
1st, 1860, to May 10th, 1861, four months and
twenty-four days, at two dollars and fifty cents per
week, - - - - - - - -    68.00

To same kind of services as above, from October,
1861, to May 5th, 1862, being four months and
ten days, at two dollars and fifty cents per week,    38.00

To same kind of services as above set out, from Octo-
ber, 1862, to May 5th, 1863, for five months, at
two dollars and fifty cents per week, - -    45.00

To same kind of services as above set out, from
October, 1863, to May 1st, 1864, three months and
fourteen days, and also for daughter of deceased,
Mary Tiberghein, for boarding and washing for
said Mary, at the special instance and request of
the deceased, at three dollars and seventy-five cents
for all, - - - - - - - -    56.25

To same kind of services for deceased and horse, as
above set out, from June 13th, 1864, to June, 1865,
for six months, at two dollars per week, -    52.00

And, at special instance and request of the deceased,
in boarding, nursing, washing, and other expenses
during the last sickness of said Mary Tiberghein,
the daughter, from June 1st, 1864, to October
19th, 1864, sixty days, at one dollar per day, and
eighty-one days, at two dollars per day, - -    222.00

To boarding Mary Tiberghein, at the special instance
and request of the deceased, at different times in

Kernodle *v.* Caldwell, Adm'r.

1860, 1861, 1862, and 1863, in all two years and a half,     -     -     -     -     -          400.00

$1200.25

And on which there should be a credit for Mary for clothes, etc.,     -     -     -     -          50.00

Balance,     -     -     -     -     -     $1150.25

We have set out the items of account thus at length, in order that it may be seen whether the fourth paragraph of the reply was sufficient or not. A demurrer to that paragraph was filed by the defendant and overruled by the court. That paragraph of the reply was as follows:

"And for further reply to the answer of defendant, the said Caldwell avers that the said decedent, Zacheus Tiberghein, was the father-in-law of the said John W. Kernodle, he having married the daughter of said deceased long before said Tiberghein, his wife, and daughter were furnished any of the board or care and attention mentioned in said Kernodle's claim, and that during the whole period of the furnishing of said board, care, and attention and services, said Kernodle and the said daughter of said deceased were man and wife and kept house themselves; that at such time as the decedent lived at the house of said Kernodle and received board, washing, mending, and clothes, and other services mentioned in defendant's answer, he lived there as a member of said defendant's family, being invited there by defendant, and working for defendant, neither expecting to charge said defendant for his work and labor nor expecting to be charged for his board, cow, or horse, nor any services rendered him at such times by defendant or his family; and that at all of such times he was there without any contract, express or implied, to pay for such board or services rendered, but visited and lived with said daughter and son-in-law as a member of the said family; that at the time the wife of said decedent, Mary Tiberghein, during parts of 1853 and 1854, stopped at said Kernodle's house and was furnished board,

care, and attention as in the answer mentioned, she had gone there on a visit to her said daughter and son-in-law by their request, and remained with them as a member of said family, and without any contract, express or implied, to pay for said board or services, etc., in fact, said Kernodle never expecting or intending, at the time, to charge said decedent for said board, services, etc., but simply acting the part of an affectionate son, and never concluded to charge for the same until after the death of said deceased ; that as regards that part of said claim relating to board, care, and attention rendered to Mary Tiberghein, said administrator avers, that at the time said care, attention, services, etc., were rendered by said Kernodle, the said Mary, daughter of said deceased, was of full age, that is, over the age of twenty-one years ; that said decedent never signed any instrument of writing, by which he agreed to pay the said indebtedness of said Mary, if any indebtedness existed; but on the contrary he avers, that for a long time before the said last illness of said Mary, she had taken up her home with said Kernodle, he being her brother-in-law, and worked and rendered various services for said Kernodle and his wife about housekeeping, cooking, washing, etc., and never expected to charge for said services and never expected to be charged for her board, care, and attention bestowed as claimed ; but plaintiff avers that said Mary at all such times lived with said Kernodle as a member of his family and without any contract express or implied to pay for said board ; wherefore," etc.

We are of the opinion that the court erred in overruling the demurrer to this paragraph of the reply, and that for this reason the judgment ought to be reversed.

Taking the bill of particulars as a part of the answer, it will be seen that the board, etc., of the daughter of the deceased, Mary Tiberghein, was furnished at the special instance and request of the deceased. It is replied to this, that the said Mary was over twenty-one years of age, and that said deceased never signed any instrument of writing by which he agreed to pay the said indebtedness of said

Mary. This is no sufficient reason why he should not pay it, if the board, etc., were furnished at his special instance and request. A parent may be liable for the board, etc., of a daughter over twenty-one years of age, if furnished at his request. Nor is the fact that said Mary had taken up her home with said Kernodle, and worked and rendered various services for him and his wife and never expected to charge for her services or to be charged for her board, etc., lived as a member of his family and without having made any contract to pay for her boarding, etc., any sufficient reason.

There was a general denial of the answer, in the reply, and perhaps the fourth paragraph was unnecessary, and might have been struck out on motion. In fact, the defendant did move to strike it out, but the court overruled his motion. Counsel for appellee say, with reference to striking it out: "It might prejudice the ends of justice to strike it out, and its retention can certainly not prejudice a party who admits that all its matter might be put in evidence under the general denial."

We cannot concede the correctness of this position. The matters set up in a special paragraph of a reply may be admissible in evidence under the general denial, and yet such matters may not be a bar to the answer. It is not necessary to say to the learned counsel in this case, that a special paragraph of a reply which professes to reply to the whole answer, and is a reply to a part only, cannot be sustained. Such, we think, is the character of the paragraph in question. Conceding that the paragraph sufficiently meets the other items of the account, which we need not decide, it is clear that it does not meet that part of the account for the board, etc., of the daughter of the deceased. It ought to be stated that the pleadings in this case are those of two actions consolidated, and for this reason may not be as accurate as they otherwise would have been.

There are several other questions discussed, arising under the motion for a new trial and the overruling thereof, but as

a new trial must result from our ruling on the point already decided, we need not consider them.

The judgment is reversed, with costs, and the cause remanded.

Opinion filed November term, 1873; petition for a rehearing overruled May term, 1874.