WARD ET AL. *v.* POLK.

DRAINING ASSOCIATION.—*Action on Contract, against Directors Individually.*—The fact that one who has performed labor for a draining association, under a written contract with the directors thereof, is himself a director, is no defence to an action by him, against the other directors individually, on such contract.

PLEADING.—*Partial Answer . Pleaded to Whole. Complaint.*—An answer which is pleaded to all, but answers only a part, of the paragraphs of a complaint, is insufficient.

From the Gibson Circuit Court.

*W. H. Trippet, C. A. Buskirk* and *J. Baker,* for appellants.

*W. M. Land* and *J. S. Buchanan,* for appellee.

BIDDLE, C. J.—Complaint in three paragraphs, by the appellee, against the appellants, who are the individual members of a corporation known as the "Marsh Creek Draining Company."

The first paragraph counts upon a written contract between the directors of the company and the appellee, for constructing certain ditches; the second paragraph is upon a *quantum meruit* count; the third declares upon a judgment recovered by the appellee against the appellants, in the Gibson Court of Common Pleas. No question arises upon the complaint.

Answer:

1. General denial;

2. A special paragraph, which, briefly stated, avers that the contract was made between the directors of the corporation on one part, and the appellee on the other part, while the appellee was one of the directors; that the appellants have paid him the amount that the work cost; and that this suit is brought merely for the profits made upon said work;

3. That the appellants have paid all the assessments made against them on account of said work severally,

which " said sums were paid to the plaintiff in part payment of said work so done by him."

Demurrers for the want of facts were sustained to the second and third paragraphs of answer; the first paragraph was withdrawn, and judgment for the appellee was rendered on demurrer.    Appeal.

The appellants contend that, as the appellee was one of the directors at the time the contract was made, he is not entitled to recover. This question has already been settled by this court in the present case, against the views of the appellants. *Polk* v. *Reynolds*, 54 Ind. 449.    See, also, *The Bristol, etc., Co.* v. *Probasco*, 64 Ind. 406.

There are other reasons why the judgment should be affirmed.    The only questions presented in the case arise upon the demurrers to the second and third paragraphs of the answer to the complaint.    Each of these paragraphs is pleaded to the whole complaint.    We think neither of them is a sufficient answer to any part of the complaint; but, if sufficient, the second goes only to the first paragraph of the complaint; and the third only to the second paragraph of the complaint; while neither relates to the third paragraph of the complaint at all.    That an answer must be good as to all it pretends to answer, or it is not good as to any part, is a rule so familiar that but to mention it is sufficient.

The judgment is affirmed, at the costs of the appellants.