## KINSEY ET AL. *v.* THE STATE, EX REL. SHIRK ET UX.

### No. 6968

PLEADING.—*Partial Reply Pleaded to the whole of an Answer.*—A special reply, purporting to be a reply to several paragraphs of answer, but really replying to only one of them, is insufficient on demurrer for want of facts.

Kinsey *et al. v.* The State, *ex rel.* Shirk *et ux.*

GUARDIAN AND WARD.—*Action by Ward on Guardian's Bond for Sale of Real Estate.—Set-Off for Maintenance of Ward, and Guardian's Services.*—In an action by a ward, against her guardian and his sureties, on a bond given to procure the sale of the ward's real estate, the defendants could jointly plead, as a set-off, money paid out by the guardian for the necessary support and education of the ward, and also the value of his services as such guardian; alleging also, the guardian being the father of the ward, that he had no means or estate out of which he could support and educate the ward.

SAME.—*Reply of Set-Off for Ward's Services*—A reply, by way of set-off to such answer, seeking to charge the defendants for the value of services rendered by the ward for the guardian, was insufficient on demurrer, unless it also alleged that the general bond given by the guardian on his appointment had been duly exhausted.

SAME.—*Release to Guardian of Debt Contracted for Ward's Benefit.— Payment.—Interest.*—Where a guardian, as such, lawfully contracts a debt for the maintenance and education of his ward, and such debt has been personally released to him by the creditor, without his having paid the same, he and his sureties are entitled to credit for the amount thereof, with interest, in an action by the ward on his bond.

SAME.—*Measure of Damages.—Penalty.*—In an action by the ward, against a defaulting guardian and his sureties, on his bond, the ward is entitled to recover six per cent. interest on the moneys received by the guardian, deducting proper credits at the proper dates, and to ten per cent. damages on the balance found due.

From the Henry Circuit Court.

*J. H. Mellett* and *E. H. Bundy,* for appellants.

*M. E. Forkner* and *W. Grose,* for appellees.

HOWK, J.—This was a suit by the appellee's relatrix, Barbara Shirk, and John Shirk, her husband, upon a guardian's bond in the penal sum of four thousand dollars, executed by the appellant James Kinsey, as the guardian of the said Barbara, his infant daughter, and his co-appellants, as his sureties therein. The bond was an additional bond given by said guardian to obtain an order authorizing him to sell his ward's real estate. In pursuance of such order, the said guardian sold said real estate, in the year 1859, for the sum of two thousand five hundred and fifteen dollars and seventy-four cents. The said Kinsey continued

to be the guardian of said Barbara, until the 7th day of September, 1874, when he resigned his said trust, and one Mary Hipes was appointed guardian of said Barbara, in his stead and as his successor. At the time of said Kinsey's resignation as such guardian, the said proceeds of the sale of his ward's real estate, with interest thereon, amounted, as alleged, to the sum of five thousand eight hundred and twenty-five dollars and twenty-six cents. Before the commencement of this suit, the said Barbara had become twenty-one years old, and had intermarried with John Shirk, who was also of lawful age.

In their complaint, the appellee's relators alleged, as a breach of the bond in suit, that the appellant James Kinsey had not faithfully discharged the duties of his said trust, according to law, in that he had wholly failed to account for and pay over to his said successor, as such guardian, or to the relatrix and her said husband, or either of them, the said sum of five thousand eight hundred and twenty-five dollars and twenty-six cents, or any part thereof, though specially requested so to do on the — day of ————, 1877, before the commencement of this suit. Wherefore, etc.

Answers and replies were filed, and the cause, having been put at issue, was tried by a jury, and a verdict was returned for the appellee's relatrix, assessing her damages, as against the appellant Kinsey, in the sum of two thousand and nineteen dollars and sixty cents, and as against the other appellants, in the sum of sixteen hundred and fifty dollars.

The joint motion of all the appellants, and the motion of the appellants Isaac R. Howard and John G. Welch, for a new trial of this cause, were both overruled, and their exceptions were duly saved to these rulings; and the court rendered judgment upon and in accordance with the verdict.

In this court, the appellants jointly have assigned, as errors, the following decisions of the circuit court:

1. In overruling their demurrer to the second paragraph of the relators' reply;

2. In overruling their demurrer to the fourth paragraph of said reply; and,

3. In overruling their motions for a new trial.

We will consider and decide the questions presented by these alleged errors, in the order of their assignment.

1. The second paragraph of the relators' reply is, on its face, expressly declared to be a "further reply to the first, third and fourth paragraphs of the defendants' answer." The point is made by the appellants' counsel, in argument, and we think it is well made, that the second paragraph of reply was clearly bad on the demurrer thereto, because, while it purports on its face to be a reply to the first, third and fourth paragraphs of the appellants' answer, it neither admits nor denies, nor confesses and avoids, nor does it even allude to the important and material allegations of the third and fourth paragraphs of said answer, or of either of them. A special reply, which purports on its face to be a reply to two or more paragraphs of answer, and is in fact a reply to only one of such paragraphs, is bad on demurrer for the want of facts, and can not be sustained. *Kernodle* v. *Caldwell*, 46 Ind. 153.

2. The fourth paragraph of the reply was pleaded by the relators to the second paragraph of the appellants' answer. In said second paragraph of their answer, all the appellants, jointly answering, said that the relatrix, Barbara Shirk, was indebted to the appellant James Kinsey, in the sum of two thousand dollars for board, clothing, tuition, and money paid, laid out and expended, in and about her nursing, board, clothing and tuition, and in the further sum of five hundred dollars, for his care, labor and

diligence in attending to and taking care of her estate, as her guardian; that all said services and all said material, work and labor, and money expended, were necessary and suitable for her support and education; that he, the said Kinsey, had no estate or means of his own, with which to support the said Barbara, and that the said sums of money were due and wholly unpaid, and the appellants offered to set off the same against any amount found due the relatrix, Barbara, in this action.

In the fourth paragraph of their reply to the second paragraph of answer, the relators said that the said Kinsey was indebted to said Barbara Shirk in the sum of two thousand dollars, for work and labor performed by her for him, at his instance and request, which sum was due and unpaid; and the relators offered to set off said sum against any amount found due the appellants, and demanded judgment. The bill of particulars filed with this reply charged said Kinsey as indebted to said Barbara for work and labor done by her, at his request, for Mary Hipes, for eighteen years.

It is claimed by appellants' counsel, as we understand their argument, that, under the fifth clause of section 9 of "An act touching the relation of guardian and ward," approved June 9th, 1852, it was made the duty of the appellant Kinsey to pay and discharge the just debts of his ward, Barbara, out of her estate in his hands; and for moneys thus paid out, and for all proper charges for his services as such guardian, the said James Kinsey and his co-appellants, the sureties on his bond, were justly entitled to credit for the amount thereof, upon the guardian's accounts, or, if such credit had not been claimed and allowed, to a set-off of such amount in a suit upon such bond. In the second paragraph of their answer, the appellants had set up, by way of set-off, the moneys paid by Kinsey, as guardian, for matters necessary and suitable for the

support and education of his ward, Barbara, and also his claim for his services as such guardian. These were proper charges to be paid out of the estate of said Barbara in the hands of said guardian, for the recovery of which this action was prosecuted. Not only the appellant Kinsey, but his co-appellants, the sureties on the bond in suit, were interested in and entitled to the set-off pleaded in the second paragraph of the answer.

To meet this paragraph of answer, the relators stated matters, in the fourth paragraph of their reply, for which neither the said Kinsey nor his co-appellants were or could be made liable to the relatrix, Barbara, under the bond in suit, in this action. It is insisted by the appellants' counsel, and we think the point is well taken, that the set-off pleaded in the second paragraph of the answer, and well pleaded, could not be defeated by the claim stated in the fourth paragraph of the reply, for which claim the appellants were not, nor was either of them, liable to the relatrix in any event, under the bond now in suit, until after, if at all, the general bond of said Kinsey, as such guardian, had been fully exhausted. For the reasons given, we are of the opinion that the court erred in overruling the appellants' demurrer to the fourth paragraph of the relators' reply.

3. The third error complained of by the appellants' counsel is the overruling of the motions for a new trial. Without setting out the causes assigned by the appellants' counsel for such new trial, we will consider and decide the several questions presented and discussed by counsel, and arising under said motions for a new trial of this action.

The third instruction of the court to the jury trying the cause was as follows:

"If, when the relatrix, Barbara Shirk, was very young, her mother died, leaving her to be cared for by her father, James Kinsey, who was also her guardian, and said father

was in very limited circumstances financially, and the ward had an estate of two thousand five hundred dollars, and the guardian placed her in the custody and under the control of her grandmother, Mary Hipes, to be cared for, clothed, educated and brought up, upon an agreement or understanding between such guardian and grandmother, that she should be compensated for such care and expense, and, in pursuance of such arrangement, the grandmother did keep and care for said ward, she would be entitled to recover whatever it was reasonably worth to so care for, educate, clothe and bring up such ward, over and above the worth of the labor of such ward during such time; and, if said guardian has paid said grandmother such reasonable sum, or any part thereof, the defendants have the right, in this suit, to have the same, together with 6 per cent. interest thereon from the time of such payment to the present time, deducted from any amount that may be due the plaintiffs. And what I have just said, applies to any sum that may have been paid for the care of said ward by Mrs. Welch. And if said guardian executed to said grandmother his promissory note, secured by mortgage on real estate, for seven hundred dollars, in payment of so much of such claim, and the same was received by her in payment of so much of such claim, then you should treat such note as a payment for seven hundred dollars at its date, although the note has not in fact been paid by the guardian. The defendants can not, however, take a credit in this suit for any part of such claim of Mary Hipes, which the guardian has not paid, although Mary Hipes may have receipted the guardian for a larger sum."

It is earnestly insisted by the appellants' counsel, that the last sentence of the foregoing instruction is not a correct statement of the law applicable to the case, and in this view of the question we fully concur. If the appellant Kinsey, during the continuance of his guardianship

of the relatrix, Barbara Shirk, had provided his ward with proper care, boarding, clothing and education, by and through his contract with a third person to furnish such provision for his ward, we are clearly of the opinion, that the guardian and his bondsmen would be entitled to a credit, in this suit, for the amount due to such third person under such contract, for the provision so made and furnished to the ward, although the guardian may not have paid and may never pay, such amount, or even though the third person may have given such amount to the guardian, and have given him a receipt therefor, without his payment of any part thereof. Upon this point, the appellants' learned counsel have well said: " If the amount was justly due to Mary Hipes, and would have been a proper credit for the guardian against the ward if the same had been paid, the agreement of Mrs. Hipes to release the ward, and to give a receipt for the amount and look alone to her son, Kinsey, for future payment, was in fact and in law a payment, so far as the ward or her estate was concerned, and a proper credit. If the claim was a just and proper one, Mary Hipes had the right to insist upon the full payment of the amount out of the ward's estate; but she might have given her claim to her granddaughter, the ward, or she might give it to her son, the guardian. Her son was insolvent, and she gave it to him, and, in so doing, did no wrong to the ward; and, if she had given it to the ward, the guardian could not have complained. She might have demanded full payment, and, after it was paid, she could have given it to her son. If so, she could certainly do the same thing, in effect, by releasing the ward, and giving the guardian a receipt for the amount, which estopped her from claiming any thing thereafter from the ward's estate."

This argument of counsel, upon the point under consideration, it seems to us, is sound and unanswerable.

Therefore we think that the court clearly erred in instructing the jury, as it did, in the last sentence or paragraph of the third instruction above quoted, to the effect that the appellants were not entitled to a credit in this suit, for that part of the claim of Mary Hipes for which she had given a receipt to the guardian, Kinsey, without the actual payment by him to her of the sum of money mentioned therein.

The appellants' counsel also complain, in argument, of that part of the fourth instruction of the court to the jury, which related to the measure of the damages of the relatrix, if the jury should find in her favor. Upon this point the court instructed the jury, in effect, to charge the appellants on the moneys received by the guardian, Kinsey, belonging to his ward, Barbara, with interest at the rate of six per cent. per annum, deducting proper credits at the proper dates; and that, to the balance found due at the date of their verdict, of principal and interest, they should add, as damages, "ten per centum on the whole amount assessed" and found due.

This instruction contained a correct statement of the law in relation to the measure of damages in such suits as the one at bar. The case of *Richardson* v. *The State, ex rel.*, 55 Ind. 381, cited by the appellants' counsel in support of a different rule for the measure of damages, was expressly overruled on this point, in the more recent case of *Baldridge* v. *The State, ex rel.*, 69 Ind. 166 ; and this latter case was fully approved and followed, upon the point now under consideration, in the case of *Stroup* v. *The State, ex rel.*, 70 Ind. 495.

For the error of the court in its third instruction to the jury, we are of the opinion, that the appellants' motion for a new trial of this cause ought to have been sustained.

The judgment is reversed, at the costs of the appel-

lee's relators, and the cause is remanded, with instructions to sustain the appellants' demurrers to the second and fourth paragraphs of the reply, and for further proceedings not inconsistent with this opinion.