No. 7567.

GLIDEWELL v. SNYDER ET AL.

GUARDIAN AND WARD.—*Report.*—*Exceptions.*—*Pleading.*—*Practice.*— *Demurrer.*—Where an exception to a guardian's report charges that six per cent. interest only has been accounted for, and that ten per cent. should be charged, a question of law, and not of fact, is presented thereby, and the exception is not the subject of demurrer.

SAME.—*Step-Father.*—Where an exception to a guardian's report making an allowance to a step-father for boarding and clothing the ward avers, "that H. B. is the step-father of" such ward, but fails to aver that he was such step-father at the time he furnished said board and clothing, it is insufficient on demurrer.

SAME.—*Approval.*—When a guardian's report has been approved by the court, it will be presumed that the court has examined and approved the several items, and the report will be treated as *prima facie* correct.

SAME.—*Step-Father.*—*Father.*—*Support of Child.*—A father, or step-father, may be allowed compensation for the support of a child, in a proper case. out of said child's estate.

JURY TRIAL.—A jury trial is not a matter of right in case of exceptions to a guardian's report, or in the trial of any matter connected with the administration of the trust, except in certain cases provided for by statute.

From the Marion Circuit Court.

*G. C. Perrin* and *B. F. Davis*, for appellant.

*M. A. Smith*, *J. B. Julian* and *J. F. Julian*, for appellees.

WOODS, J.—The appellant, as the guardian of the appellee Mary A. Snyder, filed in the court below, at its September term, 1877, a report of his doings in the matter of said trust, showing, among other things, that his said. ward, though yet a minor, had intermarried with her co-appellee (who may, perhaps, be presumed to be of lawful age, though it is not so alleged), and that he had been unable to accomplish an amicable settlement of said guardianship with his said ward and her husband.

The appellant, by this report, charged himself with interest on the sums in his hands to the amount of $158.33, and, among the items of credit for "expenditures in her behalf" made, claimed the following: "Voucher No. 8, Henry Birt, $274.40." The voucher referred to does not appear in the record except as an item of the evidence adduced on the trial. The following entry of record was made on the filing of this report, viz. : "And the court, having examined said report, now approves the same, and said guardian is continued in his said trust as to his said ward, Mary A."

Afterward, at an adjourned term of the court in April, 1878, the appellees filed exceptions to said report, which, omitting formal parts and the part concerning interest; were of the tenor following, viz. : "Second. Your petitioners would further represent that Henry Birt is the step-father of this ward, your petitioner, Mary A. Snyder ; that voucher No. 8 filed by said guardian allows said Henry Birt two hundred and seventy-four $\frac{40}{100}$ dollars ($274.40) for boarding and clothing said ward, without right and contrary to law. Wherefore your petitioners would ask that said guardian * * * be compelled to pay to this ward the additional sum of $274.40, which he has wrongfully allowed to said Henry Birt for boarding and clothing his said ward," etc.

The appellant filed a demurrer to the exceptions on the alleged ground that the same do not state facts sufficient to constitute any good or sufficient exception to the said report.

This demurrer, being addressed jointly to both exceptions, it might ordinarily be said, was properly overruled, if either exception was well stated. Counsel, however, on each side, have argued only in reference to the second exception, on which alone an issue of fact was formed and submitted to the jury for trial, the court, in the submission of the cause to the jury, having expressly excepted from the submission, and reserved to itself, the question raised on the exception concerning interest. It may be observed too that the first exception presents no issue of fact concerning the item of interest, but, simply re-stating the figures as given in the report, alleges that only six per cent. interest has been accounted for, while ten per cent., it is claimed, should be charged. No averment is made that the guardian received, or by proper diligence could have obtained, more than the sum with which he had charged himself, nor that he had used the trust funds in his own business, nor any other fact tending to show that he should be held to account for more than the lawful rate of interest. This exception must therefore be regarded as tendering an issue of law upon the facts stated in the report concerning the item of interest, and, so being itself of the nature of a demurrer, was not the subject of demurrer. The second exception, however, was an attempt to present an issue of fact, and under the circumstances we are fairly called upon to consider and decide upon its sufficiency.

The only fact attempted to be shown by this pleading, which was not shown by the report itself, is that said Birt was the step-father of the ward. This was not enough to show that the allowance made by the guardian to said Birt for her board and clothing was "without right and contrary to law." The appellant's report had been approved by the court, and, supported as it was by the presumption that the court had examined and approved the grounds and consideration on which the guardian had made the allowance and

payments which are complained of, the report was to be treated as *prima facie* correct. *The State, ex rel. Nave,* v. *Wilson,* 51 Ind. 96; *Goodwin* v. *Goodwin,* 48 Ind. 584; *The State* v. *Brutch,* 12 Ind. 381; *Barnes* v. *Bartlett,* 47 Ind. 98.

A father may be allowed for the support of his child out of the child's estate, in a proper case; and the mere fact that Birt was the step-father was not conclusive against his right to compensation for clothing and boarding his step-daughter. *Haase* v. *Roehrscheid,* 6 Ind. 66; *The State, ex rel. Druliner,* v. *Clark,* 16 Ind. 97; *Myers* v. *The State, ex rel. Appleton,* 45 Ind. 160; *Kinsey* v. *The State, ex rel. Shirk,* 71 Ind. 32.

It is to be noted, however, that it is not shown that Birt was the step-father at the time he furnished the board and clothing for which the appellant paid him. The language of the exception is, "that Henry Birt is the step-father of this ward," which means no more than that, at the time of filing the exception, he was such step-father.

The demurrer should have been sustained. But, the same having been overruled, the appellant filed an answer in general denial, and the issue so formed was submitted by the court, over the objection of the appellant, to a jury for trial.

Whether a jury trial was proper, is the next question urged on our attention, and, as the question may arise again in this case as well as others, it is proper that we decide it.

Section 188 of the act providing for the settlement of decedents' estates requires that "Trials by jury shall be allowed at the request of any party in all cases where there is an issue of fact."

Sections 13, 23 and 26 of the act touching the relation of guardian and ward provide that suits on the bond of a guardian shall be governed by the law regulating suits on the bonds of executors and administrators; that, in confirming the sale of real estate by a guardian, and directing a convey-

Glidewell *v.* Snyder *et al.*

ance, the court shall be governed by the law concerning sales and conveyances of real estate by executors or administrators, and that sureties on the bond of a guardian may be discharged from future liability therein under the same rules and regulations as are applicable to the bondsmen of executors and administrators. But, other than these, there is no provision in the guardians' act for a jury trial, nor any provision incorporating into that act the 188th section of the former act. Executors and administrators can be removed only by the court. 2 R. S. 1876, p. 502, secs. 22–32. But a guardian may be removed by the court, or by the judge thereof in vacation. 2 R. S. 1876, p. 591, sec. 11. But applications for removal must often involve the formation of issues of fact. In the case of an executor or administrator, a jury may be demanded to try the issue. In the case of a guardian, it is manifest that it could not be demanded as a matter of right, and, upon a hearing by the judge in vacation, it could not be granted. It is hardly necessary to say that section 20, article 1, of the constitution, and section 320 of the code, do not apply. We conclude, therefore, that a jury trial is not a matter of right in case of exceptions to a guardian's report, or in the trial of any matter connected with the administration of the trust, unless there be some statutory provision therefor, as in sections 13, 23 and 26, before referred to. But we do not decide that the court of its own motion may not submit any question of fact in such matters to a jury, and take their verdict thereon. In this case, however, no issue of fact was formed which could properly have been submitted to a jury, and the verdict rendered furnished no basis for a judgment between the parties.

For the error of the court in overruling the demurrer to the second exception to the report, the judgment of the circuit court is reversed, with costs, and with instructions to sustain the demurrer to said exception.