No. 9265.

THE AMERICAN INSURANCE COMPANY v. LEONARD.

INSURANCE.—*Complaint.*—*Performance of Conditions Precedent.*—In a complaint on a policy of insurance, a statement: " And said plaintiff fur-

ther says that he has in all things observed and performed and fulfilled all and singular the matters and things which were on his part to be observed, performed and fulfilled, according to the conditions, form and effect of said policy of insurance," is a sufficient allegation of the performance of the conditions precedent named in the policy.

SAME.— *Value of Property.—Amount of Loss.*—In such complaint, a statement of the loss, giving the amount lost upon each of the articles insured, is sufficient to show that the property destroyed was of some value, and that a cause of action to some extent had accrued to the plaintiff.

SAME.—*Policy.*—A policy of insurance is governed by the same principles applicable to other agreements involving pecuniary obligations.

SAME.—*Premium Notes Unpaid.—Defence.*—Where a policy provides that if premium notes be not paid the policy shall become void, it is a good defence to an action on the policy that the premium notes were unpaid at the time of the loss.

PLEADING.—*Answer.—Reply.*—A reply which responds to a part only of the answer to which it is pleaded is bad on demurrer.

From the Owen Circuit Court.

*W. M. Franklin, S. O. Pickens, H. Richards* and *A. W. Fullerton,* for appellant.

*I. H. Fowler, W. E. Dittemore* and *I. E. Johnson,* for appellee.

BICKNELL, C. C.—The appellee brought this suit against the appellant upon a policy of insurance against loss by fire. He had a verdict and judgment for $1,236.12. The errors assigned are:

1st. The court below erred in overruling the demurrer to the complaint.

2d. The court below erred in overruling the demurrer to the second paragraph of the reply.

The policy of insurance is made a part of the complaint. It is urged, in support of the demurrer to the complaint, that there is no sufficient averment of performance of the conditions precedent named in the policy. In *The Home Insurance Company* v. *Duke,* 43 Ind. 418, this court said: " Under the code, 2 G. & H. 108, sec. 84, it would have been sufficient to have alleged generally that the plaintiff had performed ' all

the conditions on his part;' such an allegation is equivalent to a reference to each condition precedent, coupled with the averment that he had performed it, and is made to imply that he has done all the acts necessary to its performance."

The following is the statement of the complaint: " And said plaintiff further says that he has in all things observed and performed and fulfilled all and singular the matters and things which were on his part to be observed, performed and fulfilled, according to the conditions, form and effect of said policy of insurance." This was sufficient.

It is also objected to the complaint, that, although the contract of appellant, as stated in the policy, is to pay the loss, not exceeding the sum insured, nor exceeding two-thirds of the value of the buildings, nor the actual cash value of the personal property insured, yet the complaint fails to state the value of either the buildings or the property. The complaint, however, states a loss under the policy and specifies the amount lost upon each of the articles insured, to wit: $1,000 on the barn, $50 on the hay therein, and $200 on the farming utensils therein. This certainly shows a cause of action to some extent, and the precise amount to be recovered upon such averments will depend upon the evidence. There was no error in overruling the demurrer to the complaint. A policy of insurance is governed by the same principles applicable to other agreements involving pecuniary obligations. *Hutson* v. *Merrifield*, 51 Ind. 24; *The Aurora Fire Insurance Co.* v. *Johnson*, 46 Ind. 315.

The objection to the second paragraph of the reply is that it is pleaded to the entire answer, but in fact responds to part only of the answer. There were three paragraphs of answer, to wit:

1st. The general denial.

2d. That the premium notes were unpaid at the time of the loss, and that, by the terms of the policy, the policy became thereby void.

This was a good defence.    In the case of *The American Insurance Co.* v. *Henley,* 60 Ind. 515, this court said : " Had a loss occurred to the assured, during such default, whereupon he had proceeded to sue the company upon the policy for the loss, the company would, no doubt, have defeated his recovery by setting up his default, and electing to avoid the policy."

The third defence was, that the property was stated to be free from encumbrance at the date of the insurance, when in fact it was encumbered.

The second paragraph of the reply is pleaded to the entire answer.    It begins thus :   " And for second reply herein to defendant's answer, plaintiff says," etc. ; and the reply then proceeds, " he admits the encumbrance on said property insured, as is alleged in defendant's answer, but says that, at the time of said application and insurance, said defendant had full knowledge of said encumbrance, and of the exact condition of the title to said insured property ; wherefore said plaintiff says that said defendant is estopped from setting up said encumbrance in defence," etc.

Here is a reply pleaded to an entire answer, and yet it contains no response to the second paragraph of that answer. Such a pleading is bad on demurrer.    *Farman* v. *Chamberlain,* 74 Ind. 82 ; *Stahl* v. *Hammontree,* 72 Ind. 103 ; *Kinsey* v. *The State,* 71 Ind. 32 ; *Ward* v. *Polk,* 70 Ind. 309.

The court erred in overruling the demurrer to the second paragraph of the reply, and for this error the judgment should be reversed.

PER CURIAM.—It is therefore ordered by the court, on the foregoing opinion, that the judgment of the court below be and the same is hereby reversed, and this cause is remanded with instructions to sustain the demurrer to the second paragraph of the reply.