No. 9235.

## CHRISMAN ET AL. *v.* CHENOWETH.

PLEADING.—*Mortgage.*—*Parties.*—A complaint by A., in the usual form, to foreclose a mortgage given to A. and B. to secure a note payable to A., is not bad for want of sufficient facts. If objectionable at all, it is for want of proper parties.

SAME.—*Answer.*—*Reply.*—A paragraph of reply to two paragraphs of answer, which avers nothing in denial or avoidance of one of them, is bad on demurrer.

SAME.—*Vendor and Purchaser.*—*Title Bond.*—*Breach of Warranty.*—*Eviction. Promissory Note.*—*Consideration.*—To a complaint to foreclose a mortgage the answer was in two paragraphs: 1. That the note was for the last instalment of the purchase-money of the land mortgaged; that the vendor contracted by bond to execute a warranty deed upon full payment of the purchase-money, which had not been tendered; and by paramount title the purchaser had been evicted of one-third of the land. 2. As to one-third of the note, that the consideration has failed because of the eviction of the purchaser from a third of the land by title paramount; that a deed for the vendor's "right, title and interest" in the land was tendered, which the purchaser was persuaded to accept, but not in full discharge of the bond. A reply to both, denying under oath the execution of the bond, and that the deed was executed and accepted and recorded by the purchaser, who has ever since claimed under it, is good on demurrer.

From the Warren Circuit Court.

*J. McCabe* and *C. M. McCabe,* for appellants.

*J. M. Rabb,* for appellee.

BICKNELL, C. C.—This was a suit upon a note and mortgage, given to secure the payment of the purchase-money of land.

The appellee, the payee of the note, was the plaintiff; of the defendants, Isaac Chrisman was the maker of the note; he and his wife were the mortgagors; Swisher and wife were purchasers subject to the mortgage, and the other defendants were junior judgment creditors.

There was a trial by the court and a finding for the plaintiff for the amount of the note and interest, and for foreclosure of the mortgage. The defendants Isaac Chrisman and

VOL. 81.—26

wife, and Harrison C. Swisher and wife, appealed from the
judgment rendered on the finding; the other defendants were
defaulted, they decline to join in the appeal, and their names
are stricken from the record.

The appellants assign errors jointly as follows:

1st. In overruling the demurrers to the complaint.

2d. In overruling the demurrers to the first paragraph of
the reply.

3d. In overruling the demurrers to the second paragraph
of the reply.

One objection urged against the complaint is, that although
the note is payable to the appellee, and the mortgage is aver-
red to have been executed to him, yet the exhibit shows that
it was executed to him and his wife jointly.

The mortgage was executed to secure to the appellee the
payment of the note; the demurrer was for want of sufficient
facts, etc.; there was no objection for want of proper parties.

Another objection is, that the complaint, instead of stating
that Chrisman and wife executed the mortgage, states that
they joined in executing it.

Another objection is, that the complaint does not show that
Mrs. Swisher bought the land after the mortgage was re-
corded. The averment is, that the mortgage was recorded,
and that Mrs. Swisher bought the land "since" the recording.
The demurrers to the complaint were properly overruled.

The answer of the defendants Chrisman and wife, and
Swisher and wife, was in two paragraphs:

First. That the note was given for the last instalment of
the purchase-money; that the vendor gave a bond conditioned
for the execution of a good and sufficient warranty deed upon
full payment of the purchase-money; that no such deed has
been tendered, or can be tendered, and that the purchaser has
been evicted from one-third of the land by a paramount title.

Second. That as to one-third of the note the consideration
has failed, because the purchaser has been evicted from one-
third of the land by paramount title; that the vendor exe-

cuted a deed to the purchaser, and sent it to his agent for delivery to the purchaser; that she did not accept it in full discharge of the bond, but that said agent being a lawyer, and she ignorant of such matters, he persuaded her to accept it, by representing that it was a good and sufficient warranty deed. Copies of the bond and deed are annexed to the answer; the bond is made part of the first defence; the deed is made part of the second defence.

The first paragraph of the answer contains two distinct matters, viz.: The failure to tender a deed, and the eviction.

The second paragraph of the answer contains two distinct matters, viz.: The eviction from part of the land, and the allegations in reference to the tender of the deed, and the circumstances under which it was accepted.

The bond recites a sale, by Chenoweth and wife to Elizabeth Chrisman, of the undivided three-eighths of said land, for $3,000, payable in instalments, the last of which is the note in suit, and that she is to have possession from the date of the bond. The condition of the bond is, that Chenoweth and wife shall, upon reasonable request, execute to said Elizabeth, her heirs and assigns, a good and sufficient warranty deed, in fee simple, for said premises. The bond is dated November 8th, 1876, and is signed: "Thomas J. Chenoweth, (Seal) Louisa Chenoweth, (Seal) By Alvin High, their Agent, (Seal).

The deed is not a deed for said premises; it conveys "all our right, title and interest in the land," instead of three-eighths of it, and proceeds thus: "It being the intent hereof to convey all our interest and right by us now held in said lands, whether said interest be as heirs of Peter Chrisman and Sarah Chrisman, deceased, or as grantees of the heirs of said deceased, or as heirs of John W. Chrisman, if he be deceased leaving no heirs, but this conveyance is made subject to any and all taxes or tax liens that may have accrued on said lands, or our interest therein." The deed is dated and acknowledged on December 5th, 1876.

The eviction alleged in the answer is, that one-third of the premises belonged to Sarah, wife of Peter Chrisman, and that when she died that one-third would have descended to Chenoweth's wife, but that the administrator of said Sarah Chrisman sold the same to make assets to pay said Sarah's debts, and Elizabeth and her husband were evicted therefrom. The two paragraphs of the reply were pleaded to the entire answer.

The first paragraph of the reply averred that plaintiff owned an undivided interest in the premises by purchase, and his wife owned an undivided interest therein as heir, of Peter and Sarah Chrisman, and that the defendant Isaac Chrisman also owned an undivided interest in the premises; that the land had been in Isaac Chrisman's possession for several years; that on October 18th, 1876, the plaintiff authorized his agent, Alvin High, to sell to Isaac Chrisman, all the right, title and interest of himself and wife in said lands for $3,000, on certain terms, but never authorized him to sell the undivided three-eighths of said land, nor to execute a title bond therefor, or for any specific interest whatever, in his and his wife's names; that he had no knowledge of said title bond and never made it nor authorized it; that said agent sent to plaintiff and wife for execution a warranty deed to said Elizabeth Chrisman for three-eighths of said land, but plaintiff would not sign it; that plaintiff executed, instead thereof, the deed exhibited in said answer, which deed conveyed the precise interest he had authorized said High to sell; that said Isaac Chrisman and wife accepted said deed and placed it on record, and have ever since claimed the land under said deed, and have never offered to return it to plaintiff. This paragraph of the reply was duly verified. We think this was a sufficient reply to all the material averments of the entire answer. There was no error in overruling the demurrer to it.

The second paragraph of the reply avers a tenancy in common as alleged in the first paragraph, and that Peter Chrisman died seized of said land, leaving Sarah Chrisman his widow, who died in December, 1873, leaving personal estate

Chrisman *et al. v.* Chenoweth.

of the value of $2,000 and debts not exceeding $800; that said Isaac Chrisman took possession of said personal estate and undertook to settle it without administration; that at the date of said sale there had been no letters of administration upon said estate; that said sale was really a sale to Isaac Chrisman, who paid the money, but took the deed in his wife's name; that at the time of said sale he had in his hands much more of the personal estate of said Sarah Chrisman than was required to pay all her debts, but he claimed there were no such debts and paid none of them, by reason whereof the creditors of said deceased were compelled to have an administrator appointed, and by reason of the failure of said Isaac Chrisman to pay over to said administrator the personalty of said deceased so in his possession, said administrator was compelled to sell said Sarah's interest in said land to make assets to pay her debts, and if there was any failure of title to any of the land sold by plaintiff, it occurred by reason of the wrongful conduct of said Isaac, the maker of the note sued on.

This second paragraph of reply, being pleaded to the entire answer, is insufficient, because it fails to respond to that part of the first defence, which alleges that the note was given for the last instalment of the purchase-money, and that no deed was tendered before suit brought. *Kernodle* v. *Caldwell*, 46 Ind. 153; *Kinsey* v. *The State, ex rel.,* 71 Ind. 32. The court erred in overruling the demurrer to the second paragraph of the reply, and for this error the judgment should be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and the same is hereby in all things reversed, at the costs of the appellee, and this cause is remanded with instructions to the court below to sustain the demurrer to the second paragraph of the reply.