Kinsey *et al. v.* The State, *ex rel.* Shirk *et al.*

No. 10,994.

| 98 | 351 |
| 158 | 61 |

KINSEY ET AL. *v.* THE STATE, EX REL. SHIRK ET AL.

PLEADING.—*Answer.*—*Special Reply.*—A special paragraph of reply, under the code, which does not fully reply to all the material facts stated in the answer to which it is filed, is bad on demurrer for the want of sufficient facts; but the mere omission to notice a preliminary statement in the answer will not vitiate the reply, if it is otherwise a good reply to the merits of the defence stated in such answer.

GUARDIAN AND WARD.—*Father and Child.*—*Support of Infant.*—*Ward's Estate.*—It is the duty of the father to support his child during the tender years of infancy; and though the child may have an estate, of which the father, as guardian, has the custody and management, yet he can not be allowed for the support of his child while incapable of supporting itself, out of his ward's estate, unless it appears that he is unable, out of his own means or by his labor, to support and maintain such infant child.

From the Rush Circuit Court.

*J. H. Mellett* and *E. H. Bundy,* for appellants.

*W. Grose,* for appellees.

HOWK, J.—This is the second appeal to this court, in this cause. The opinion and judgment of the court on the former appeal are reported, under the title of *Kinsey* v. *State, ex rel.,* 71 Ind. 32. The suit was originally brought in the Henry Circuit Court, but after it was remanded on the former appeal, on the appellants' application, the venue was changed to the court below. It will be seen from the opinion of this court, in 71 Ind. 32, that the action was upon a guardian's bond, in the penal sum of $4,000, executed by the appellant Kinsey, as the guardian of the relatrix, Barbara, who was his child, and by his co-appellants, as his sureties. After the cause was remanded from this court, appellee's relatrix filed a second paragraph of complaint. The cause was then put at issue and tried by the court, and, at the appellants' request, the court made a special finding of the facts and stated its conclusions of law thereon in favor of the relatrix. Over the appellants' exceptions to the conclusions of law, judgment was rendered by the court in accordance therewith.

The first error of which the appellants complain, in argument, is the overruling of the demurrer of the appellants Howard and Welch to the second paragraph of the reply to the first paragraph of answer.

The only objection urged to the second reply, by the appellants' counsel, is that it professes to reply to the entire first paragraph of answer, while it wholly fails to reply to a specified part of such paragraph. If it were shown by the record that the reply omitted to reply to any material part of the paragraph or answer, it would seem that, under the decisions of this court, the objection of counsel to the sufficiency of such reply would be well taken and would have to be sustained. *Kernodle* v. *Caldwell,* 46 Ind. 153; *Kinsey* v. *State, ex rel., supra; American Ins. Co.* v. *Leonard,* 80 Ind. 272. But where, as in the case at bar, the reply fully meets and replies to all the material facts stated in the answer, and merely omits to notice a preliminary statement in the answer, which is uncontroverted and incontrovertible, such an omission can not be held, we think, to vitiate a reply which is otherwise a good reply to the merits of the defence stated in the answer. The error, if such it be, is purely technical and is not available for the reversal of the judgment.

The only other error, of which complaint is made here by the appellants' counsel, is the alleged error of the court in its conclusions of law on the facts specially found. The facts found by the court were substantially as follows:

" 1. On the 8th day of January, 1859, the defendant James Kinsey was by the common pleas court regularly appointed guardian of the person and estate of the relatrix, Barbara Shirk, then Barbara Kinsey, and he then and there executed his bond, as such guardian, to the acceptance of the court, was sworn to discharge his duties as such guardian, and regularly qualified as such.

" 2. On said 8th day of January, 1859, the said James Kinsey, as such guardian, filed his petition in said court, asking an order to sell the real estate of his ward, Barbara, being

the undivided two-thirds of two hundred acres of land lying in Henry county, Indiana; the prayer of such petition was by the court granted and the real estate ordered to be appraised, and thereupon the appraisement of the real estate was filed in said court, appraising the same at $2,000; and thereupon the said Kinsey filed in said court his additional bond, in the sum of $4,000, with the defendants John G. Welch and Isaac R. Howard as his sureties, which was on said day approved by the court, being the bond in suit, a copy of which and of the approval thereof is set out in the complaint; and thereupon such proceedings were had as resulted in the court ordering said guardian to sell said land, and afterwards, to wit, on said day, said guardian reported to the court the sale of said real estate for the sum of $2,515, on the terms set forth in the order of sale, which sale was by the court then in all things confirmed, and the guardian was by the court ordered to execute to the purchasers a deed of such real estate, which he afterwards did and reported the same to the court, which was duly approved.

" 3. Afterwards, on the 10th day of June, 1862, said guardian reported to said court, charging himself with the amount of the sale of said real estate and interest thereon, and deducting expenses, etc., leaving a balance with which he was chargeable, $2,702.74.

" 4. Afterwards, on the 4th day of February, 1867, said guardian reported to said court, charging himself with the amount above shown to be due his said ward, and interest thereon, showing balance due said ward, $3,524.80.

" 5. Afterwards, on the 4th day of January, 1872, said guardian reported to said court, charging himself with the amount last above shown to be due, and interest accrued, leaving balance then due said ward, $4,723.23, and interest thereon to September 7th, 1874, when a payment was made, as will be hereafter shown, will be $736.78, making the balance due, on September 7th, 1874, $5,460.01.

"6. The relatrix, Barbara, was the daughter of the defendant, James Kinsey, and was born August 1st, 1856, and her mother died when she was two weeks old, and she was taken by one Mrs. Welch who kept her until June, 1858, under contract with her father, James Kinsey, that she should be paid for keeping his child what it was reasonably worth, and he did pay her for the same $300.

"7. In June, 1858, the relatrix, Barbara, was taken by her grandmother, Mrs. Mary Hipes, under contract with said James Kinsey, the father of said Barbara, that she should be paid for keeping said child what it would reasonably be worth, and she remained there until she was eighteen years old.

"8. The father and guardian of said Barbara, James Kinsey, had the means and was amply able to support his daughter until August, 1861, when she was five years of age. He was a strong, able-bodied, capable business man, and was worth, when the child was taken to Mrs. Welch's, from $2,000 to $2,500. He afterwards met with some losses from fire, but was, when the child was five years of age, worth $1,000, and was still able-bodied.

"9. In 1861 said James Kinsey was married a second time, and had born to him, in 1862, by said second wife, a child, and from that time afterwards his means were quite limited, and from 1861, for seven years, the grandmother, Mrs. Hipes, should have been paid for the keeping, etc., of said child, out of the child's estate, until she was twelve years of age, at the rate of $3.75 per week, and the same should have been paid annually; and interest on said amounts should be calculated up to the dates of the several reports made by said guardian, as above set forth, and then calculated as in said reports against said guardian, and up to September 7th, 1874, which would then aggregate $2,259.77.

"10. Said Barbara was, from the time she was twelve years of age, able to support herself, and her work and labor performed for Mrs. Mary Hipes was fully equal in value to

what she received from Mrs. Hipes from the time she was twelve years old until she left there.

"11. On the 7th day of September, 1874, there was paid to the successor of said James Kinsey, in said trust, by Isaac R. Howard, one of the sureties in said bond, the sum of $2,500, which amount should be added to the amount in finding No. 9 above, to wit, $2,259.77, making the total credit account, September 7th, 1874, of $4,759.77.

"12. Said Barbara was, on the 27th day of March, 1877, married to John Shirk, who was then of full age; and shortly thereafter, and before the commencement of this suit, a demand was made upon the defendant Kinsey to settle and pay over the amount in his hands to the relatrix, Barbara, and he refused to settle and pay over, etc., and the legal conversion then took place.

"13. Dr. account, September 7th, 1874, as shown
in special finding No. 5 above . . . . $5,460 01
Cr. account, September 7th, 1874, finding
No. 11 above . . . . . . . . . . . 4,759 77

Making the balance due, September 7th,
1874 . . . . . . . . . . . . . . . $ 700 24
Interest on same to date . . . . . . . 328 37

Making principal and interest to June 16th,
1882 . . . . . . . . . . . . . . . $1,028 61
"14. To the amount shown to be due the relatrix in finding No. 13, to wit . . . . $1,028 61
There should be added 10 per cent. damages . . . . . . . . . . . . . . 102 86

Making total amount due . . $1,131 47
"From these facts I conclude that there should be a finding in favor of plaintiff for $1,131.47.

(Signed)  ·  "SAMUEL A. BONNER, Judge."
It is claimed by appellant's counsel that the trial court

erred in its conclusions of law upon the facts specially found,
(1) because it did not allow any credit for the $300 paid to
Mrs. Welch by the guardian and father for taking care of his
infant child, the relatrix, during the first two years of her life,
and (2) because the court refused to allow any credit for the
taking care of the child by Mrs. Hipes for the next three years,
on the ground that the guardian and father was worth $2,000
to $2,500, and was a strong, able-bodied and capable business
man.     We are of opinion, however, that the court's conclu-
sion of law is not objectionable or erroneous on either of the
grounds suggested by counsel. Both the credits insisted upon
by the appellants in this court, and refused by the trial
court, were claims on behalf of the guardian, Kinsey, for tak-
ing care of his own infant daughter Barbara from the time
she was two weeks old until she was five years old.     During
all that time the court found the fact to be that " the father
and guardian, James Kinsey, had the means and was amply
able to support his daughter."     As the case comes before us
solely upon the exceptions to the court's conclusion of law,
of course the appellants admit, for the purpose of the excep-
tion, the truth of the facts specially found, including the fact
last quoted in relation to the means and ability of the guar-
dian and father to support his infant daughter during the first
five years of her life.     *Cruzan* v. *Smith,* 41 Ind. 288 ; *Rob-
inson* v. *Snyder,* 74 Ind. 110 ; *Braden* v. *Graves,* 85 Ind. 92 ;
*Fairbanks* v. *Meyers, ante,* p. 92.

   Upon the fact thus found and admitted to be true, the first
question presented may be thus stated : Can the guardian and
father of an infant child assert and maintain a legal claim against
the estate of his ward for taking care of and supporting her
during the first five years of her life, or for expenses incurred
by him on that account ?     We are of opinion that this ques-
tion must be answered in the negative.     Where the father and
guardian, as in this case, has the means and ability to care for
and support his child during the tender years of infancy, it is

his duty so to do, and he will not, for the care and support thus given, be allowed a claim against his ward's estate. *Haase* v. *Roehrscheid*, 6 Ind. 66. In Reeve's Domestic Relations (3d ed), p. 412, it is said : " By the common law, it is the duty of parents to support their minor children. 1 Bl. Com. 446. This duty is founded on the law of nature. Whoever has been the instrument of giving life to a being incapable of supporting itself, is bound by the law of morality to support such being during such incapacity. Ld. Ray. 500. When such incapacity ceases, the obligation is at an end." The doctrine here declared has been modified by this court, but only to the extent of holding that if the father is unable, out of his private means or by his labor, to maintain and educate his infant child, an allowance will be made him, for that purpose, out of the child's estate. *Haase* v. *Roehrscheid, supra; State* v. *Clark*, 16 Ind. 97. In *Myers* v. *State, ex rel.*, 45 Ind. 160, it was substantially held by this court that the fact that the father was very poor and in indigent circumstances during the time he was guardian, is not sufficient to authorize him to use the money of his ward for the ward's support, unless it further appeared that the father and guardian was not able by his labor to provide for the proper support, maintenance and education of his ward. *Corbaley* v. *State, ex rel.*, 81 Ind. 62; *State, ex rel.*, v. *Roche*, 91 Ind. 406.

We conclude, therefore, that upon the facts specially found, the court committed no error in its conclusion of law of which the appellants can complain.

We find no error in the record which would authorize or justify the reversal of the judgment.

The judgment is affirmed, with costs.

Filed Nov. 24, 1884.