NATIONAL SURETY COMPANY ET AL. *v.*. STATE OF
INDIANA, EX REL. FIRST NATIONAL BANK
OF COLUMBUS, GUARDIAN.

[No. 12,876.    Filed October 7, 1927.]

1. GUARDIAN AND WARD.—*In action on guardian's bond, court cannot authorize recovery of interest on funds on hand during period covered by report which was approved.*—Although a guardian did not charge himself with interest on the money on hand at the time of making a report which was approved, said court cannot, in an action on the guardian's bond for money appropriated to his own use, charge him with interest on such funds for the time covered by such report and award recovery thereof, as the ruling on the report is not subject to collateral attack.    p. 390.

2. GUARDIAN AND WARD.—*Funds not commingled so as to authorize prorating of liability on two guardian's bonds.*—In an action against two surety companies for funds misappropriated by a guardian, one having furnished his guardian's bond and the other his bond covering a sale of real estate, there was no such commingling of funds as to authorize a *pro rata* liability where the misappropriation was practically all of funds resulting from the land sale, and the amount of the remainder was readily ascertainable.    p. 392.

From Bartholomew Circuit Court; *Julian Sharpnack,* Judge.

Action by the State of Indiana on the relation of the First National Bank of Columbus, Guardian, against the National Surety Company and the Title Guaranty and Surety Company, sureties on the bonds of Joseph Gosch as guardian.    From a judgment for the plaintiff, the defendants appeal.    *Reversed.*    By the court in banc.

*George M. Barnard, Raymond L. Walker, E. E. Gates, Moses B. Lairy, Frederick VanNuys, Julius C. Ralston* and *George W. Long,* for appellants.

*C. J. Kollmeyer,* for appellee.

ENLOE, J.—In November, 1906, one Joseph Gosch was, by the Bartholomew Circuit Court, appointed guardian of one John Boll, a person of unsound mind. The said guardian at once executed his bond as such,

with the appellant, the Title Guaranty and Surety Company, as surety thereon, and entered upon the discharge of his duties as such guardian.

In February, 1915, said guardian petitioned the court for an order to sell certain lands of his ward and such proceedings were thereafter had in said matter that said guardian was directed to sell said lands and to give his additional bond, covering the funds to be derived from said sale, in the sum of $4,000. This was done, the appellant, National Surety Company executing said bond as surety thereon, and said land was sold in April, 1915, for $3,310.

In April, 1925, the said guardian, having failed to comply with an order of the court as to the making of a report as such guardian, was removed, and the First National Bank of Columbus, Indiana, relator herein, was appointed as guardian of said Boll. The said Gosch, having departed the country, the said bank, as guardian, at once took charge of all of the money and property belonging to its said ward that could be found, and, it appearing that some of the funds of said trust had been dissipated, this suit was brought against the appellants herein as sureties on said bonds. The cause was tried by the court, which made a special finding of the facts and stated conclusions of law thereon unfavorable to the appellants. Their several motions for a new trial having been overruled, this appeal is now prosecuted, the errors assigned being the action of the court in overruling said motions, severally, and error in conclusions of law.

The said motions each assail the decision of the trial court as not being sustained, as to certain facts, by sufficient evidence, and also each alleges error in the assessment of the amount of the recovery. The appellee has confessed error as to said last contention, so that it will not be necessary to further consider that matter.

The court found that said Gosch had appropriated to his own use, of said trust funds, the sum of $1,436.30, and this finding is assailed as not being supported by sufficient evidence.

It appears from the evidence in this case, which, as to the point now involved, is entirely documentary, that in January, 1923, said guardian made his report, which was duly approved by the court; that, in said report, he did not charge himself with interest on the *money in hand* with which he was then chargeable, and that the trial court, in arriving at the balance due, as above set forth, added interest thereon for the time covered by said report, in the sum of $277.34. This, the trial court had no right to do; said report was not subject to such collateral attack. *Candy, Admr.*, v. *Hanmore* (1881), 76 Ind. 125; *Glidewell* v. *Snyder* (1880), 72 Ind. 528. This leaves the true shortage of said guardian at $1,158.96.

On the theory that the funds had been commingled, the trial court apportioned the total shortage, sixteen twenty-ninths to appellant Title Guaranty and Surety Company and thirteen twenty-ninths to appellant National Surety Company, and rendered judgment against the appellants accordingly; of this apportionment, appellant National Surety Company particularly complains.

It appears by the evidence, which, as to this point, is documentary, that in February, 1909, said Gosch, by the description of "Joseph Gosch, Guardian, J. Boll" opened an account with Irwin's Bank, Columbus, Indiana, and from time to time deposited moneys to said account, and drew checks against the same; that after February 8, 1915, up to and including April 27, 1915, the balance remaining to his credit in said account was $5.02; that on April 28, 1915, the next day after the confirmation of said land sale, there was deposited in

Nat. Surety Co. *v.* State, ex rel.—86 Ind. App. 388.

said account $1,225, admittedly part of the proceeds of the sale of said land. The evidence is, without dispute, that said land was sold for $3,310, and that it was paid for as follows, viz.: cash, $1,200; three gravel road bonds aggregating $1,065; accumulated interest on said bonds, $45; and the purchaser's note for $1,000 secured by mortgage on premises sold. The record discloses that this note, with the accumulated interest thereon, was duly paid and the money deposited in said bank, to said account. The record further discloses that in October, 1917, after said note had been fully paid, said guardian, by direction of the court, invested $2,000 of the money then in said bank, in Liberty Bonds, and the record discloses that thereafter the interest accruing on said bonds was deposited in said bank to said account, as was also the interest accruing on said gravel road bonds.

The record further discloses that on June 26, 1925, the relator herein, as guardian, received from Irwin's Bank the aforementioned Liberty Bonds, $2,000, Gravel Road Bonds in the sum of $710, and cash in the sum of $1,212.32, one of said bonds having been paid off in November, 1924, and the proceeds thereof deposited in said bank. The total money so received by the relator being the sum of $3,942.32. In addition, the relator received a note in the sum of $219, and also cash, from the sale of some personal property formerly owned by said guardian, in the sum of $61, and making the total amount received by the present guardian, from all sources, the sum of $4,202.69, of which the sum of $4,122.32, is clearly traceable to the money derived from the sale of said land. It appears from the record in this case that said guardian collected interest on said funds derived from said sale in the sum of $1,143.23, making the total with which he was chargeable on this account the sum of $4,453.23, and this, less the amount

turned over to the relator herein, would leave the sum of $330.91 of this fund still to be accounted for.

But the record discloses that part of this balance, the exact amount we are unable to determine, was expended in the payment of the cost of administering this trust and, for whatever was so expended, credit on this account should be given and appellant, the National Surety Company, to that extent relieved.

As there was but $5.02 on deposit in the bank to the credit of said guardian at the time said land was sold, and as the funds thereafter deposited in said 2. bank, with the exception of $15, are each and all readily traceable to the land fund, we hold that there was no such commingling of funds as the law demands to enforce a *pro rata* liability. See *Pfau, Treasurer,* v. *State, ex rel.* (1897), 148 Ind. 539, 47 N. E. 927. It follows that the court erred in its conclusions of law and this case must be reversed.

Judgment reversed, with directions to sustain the motion of each appellant for a new trial, and for further proceedings consistent with this opinion.